159 So. 78

## SALTER v. BOARD OF EDUCATION OF JEFFERSON COUNTY et al.

6 Div. 647.

Supreme Court of Alabama.
Jan. 24, 1935.

632

Jelks H. Cabaniss and Paul Johnston, both of Birmingham, for appellee Board of Education.

B. F. Smith, of Birmingham, for appellee Hubbard.

Horace C. Wilkinson, of Birmingham, for appellant.

BOULDIN, Justice (after stating the case as above).

The equity of the bill for purposes of injunctive relief is sought to be sustained on the general jurisdiction of courts of equity in the protection of infants, extending to the care and safety of their persons. We find

no occasion to consider this doctrine when jurisdiction over the infant, its custody, care, and education, are duly invoked.

We think this case is governed by other principles. The state, in general terms, has conferred on the county board of education power to arrange for the transportation of pupils to and from consolidated public schools. Alabama School Code, 1927, § 100.

The state has, therefore, undertaken to engage in a new public function, the transportation of school children, and set up a governmental agency to carry out such purpose. This, of necessity, carries the duty and responsibility to provide suitable vehicles, and for their safe operation by competent and trustworthy agents or employees. Without question, this responsibility is commensurate with the sacred duty to conserve the lives and limbs of children while being transported over the public highways.

■ Manifestly, no contract with a bus driver, who does not perform these duties, and thereby endangers the lives and limbs of children, is binding, and the county board of education, or other authority in the premises, should promptly abrogate such contract, and make proper provisions.

■ A court of equity has no general supervisory power over the transportation of school children by the governmental agency set up for the purpose; no more than it has over common carriers who constantly transport children in rendering their services as public utilities. It would seem obvious that it is wholly impractical for courts of equity to assume a sweeping power to supervise the safety of the great body of children, a sort of general police power committed by law to other and different commissions and officers.

The jurisdiction of equity over such administrative and executive agencies, with the recognized limitation on such jurisdiction, is, therefore, the real question in this case.

■ Broadly speaking, a court of equity may, in the absence of any adequate legal remedy, interfere for the protection of persons against the acts of administrative agencies infected with fraud or bad faith, or a gross and palpable abuse of discretion. Lehmann v. State Board of Public Accountancy et al., 208 Ala. 185, 94 So. 94; Long et al. v. Shepherd et al., 159 Ala. 595, 48 So. 675; 32 C. J. page 242, § 384.

■ The bill before us seems not to have been framed on such theory. It avers in very general terms that the bus driver employed by the county board of education is reckless and careless, endangers the lives and limbs of the children. Then charges, in effect, that the board was induced to employ him by fraudulent representations, express or implied, on his part; that this complainant has made complaint to the board, who declined to act on the ground that the driver had a binding contract. Construed most strongly against the pleader, this would indicate the board found no sufficient showing of inefficiency or misconduct to warrant an annulment of the contract.

The law of the road is well defined: Rules regulating speed, the passing of cars, keeping vehicles under control in certain circumstances, etc. Reckless driving involves a breach of these rules, a matter open to observation, averment, and proof. It is not averred that the board of education was informed of any infraction on the part of the driver, and willfully failed to investigate, or was otherwise guilty of a flagrant abuse of power and discretion in the premises. No specific averments of such infraction are now made in the bill.

Without prolonging the discussion, we concur in the decision of the court below in holding the bill, as framed, does not warrant the issuance of a temporary injunction.

Lest our silence be misconstrued, we observe that, by an Act approved November 8, 1932, School Laws, supplement to Alabama School Code (Acts 1932, Ex. Sess., p. 216), the Legislature has undertaken to provide numerous regulations and safeguards for the protection of children in school buses. Some of these relate to other vehicles using the highway at the same time, and some to the operation of the school bus.

Section 3 (page 217) provides a speed limit for the school bus, and declares that any bus driver who habitually and deliberately violates same, or other traffic laws, shall be summarily dismissed by the county superintendent of education. This official is the executive officer of the county board of education.

We are advised the Attorney General has rendered an opinion that this act is unconstitutional and void because violative of section 45. We express no opinion on this question; and would not, by ignoring the act, discourage a proceeding to have its validity judicially determined.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.