162 So.2d 233

**CONECUH COUNTY BOARD OF EDUCATION et al.**

v.

**C. C. CAMPBELL et al.**

**3 Div. 117.**

Supreme Court of Alabama.

March 19, 1964.

Joseph E. Nix, Jr., Evergreen, John C. Godbold and Euel A. Screws, Jr., Montgomery, for appellants.

**344**

Alton L. Turner, Luverne, for appellees.

LAWSON, Justice.

C. C. Campbell and sixteen other residents of Conecuh County, Alabama, who live within five miles of the boundary line between Conecuh County and Butler County in the vicinity of McKenzie, Alabama, which is in Butler County, filed a petition in the Circuit Court of Butler County against the Butler County Board of Education and the individuals who compose that Board and the Superintendent of Education of Butler County, H. L. Terrell.

The petition alleged as follows:

"1. Your Petitioners are all white residents of Conecuh County, Alabama, and each lives within five miles of the boundary line between Butler County and Conecuh County, Alabama.

"2. The public school, maintained by and under the administration and supervision of the Butler County Board of Education at McKenzie, Alabama, is the nearest school of the white race to the place of residence of each of your Petitioners. Your petitioners are each patrons of said school, having one or more children who are required by the laws of Alabama to attend said school.

"3. The Butler County Board of Education has refused and continues to refuse to provide transportation for the children of Petitioners to said school, although said Board of Education provides transportation to other children who are required to attend schools under its administration and supervision.

"4. There are others similarly situated to Petitioners who have not joined in this petition.

"5. Heretofore, the Conecuh County Board of Education has voluntarily furnished transportation for the children of Petitioners and others similarly situated to said school at McKenzie, Alabama, but said Conecuh County Board of Education refuses to provide such transportation for the current school term.

"6. The Butler County Board of Education is composed of Vernon Stabler, Rex Huggins, Ercil Thompson, W. Jack Williamson and H. B. Wyatt and the Superintendent of Education of Butler County is H. L. Terrell, all residents of Butler County, Alabama."

The petition prayed:

"a. That your Honor will issue a rule requiring the Butler County Board

of Education to appear before this Court at a time and place named therein, to show cause, if any it have, why this Honorable Court should not issue a Writ of Mandamus, requiring the said Butler County Board of Education to furnish transportation for the children of Petitioners and others similarly situated to the said school located at McKenzie, Alabama.

"b. That upon a final hearing of this cause, your Honor will issue a Writ of Mandamus requiring said Butler County Board of Education to furnish such transportation.

"c. That your Petitioners shall have such other, further and different relief to which they may be entitled in the premises."

The petition was filed on September 4, 1963, and on the same day the Judge of the Circuit Court of Butler County made the following order:

"The foregoing petition having this day been presented to and considered by the Court, it is ordered that the Butler County Board of Education appear before this Court at the Courthouse in Greenville, Alabama, at 10:00 o'clock A.M. on the 12th day of September, 1963, and then and there show cause, if any it have why the relief prayed in the foregoing petition should not be granted.

"It is further ordered that the Sheriff of Butler County serve a copy of the foregoing petition and of this order upon Vernon Stabler, Rex Huggins, Ercil Thompson, W. Jack Williamson and H. B. Wyatt, members of the Butler County Board of Education and upon H. L. Terrell, Superintendent of Education of Butler County, Alabama."

Thereafter, on September 10, 1963, the Conecuh County Board of Education filed in the cause an instrument called a "Request for Permission to Intervene," which reads:

"Now comes the Conecuh County Board of Education and prays leave of the Court for permission to intervene in the above styled proceeding and respectfully shows unto your Honor as follows:

"1. That the Conecuh County Board of Education is composed of Allen E. Johnson, Chairman; Dr. W. B. Turk, Vice Chairman; Dr. W. R. Carter, R. V. McLendon and John V. Seales, and that Guy S. Kelly, as Conecuh County Superintendent of Education, is an ex officio member of said Board.

"That all of said above named members of said Board of Education are residents of Conecuh County, Alabama.

"2. Your Intervenor further shows that this proceeding was filed on September 4, 1963, and that your Honor issued a ruling for the Defendant to appear before the Court at 10:00 A.M. on September 12, 1963, to show cause why your Honor should not issue a writ of mandamus requiring the Defendant, the Butler County Board of Education, to furnish transportation for the children of petitioners and others similarly situated, to school at McKenzie, Butler County, Alabama.

"3. Intervenor further shows that Intervenor has an interest in the subject matter of said proceedings; that the petitioners and their children reside in Conecuh County, Alabama, therefore, coming under the jurisdiction of Intervenor as the duly constituted governing body of matters pertaining to education, including the transportation of school students, in Conecuh County, Alabama.

"4. Intervenor further shows an interest in the subject matter of said proceedings in that the outcome of said proceedings will affect school transportation and school enrollment in Conecuh County, Alabama, over which Intervenor has jurisdiction under the statute laws of the State of Alabama.

"THE PREMISES CONSIDERED Intervenor files this petition of Intervention and prays that it be allowed to intervene and upon its petition to intervene being allowed, that this petition be considered by your Honor and that intervention as hereinabove set out be considered in any Order that your Honor may make in this proceeding and Intervenor prays for such other relief to which it may be entitled."

On the day that the request for permission to intervene was filed by the Conecuh County Board of Education, the trial judge made an order granting the request and directing that the County Board of Education of Conecuh County be made a party to the proceeding.

On the same day, that is, on September 10, 1963, the Conecuh County Board of Education, hereafter referred to as Intervenor, filed its demurrer to the petition for mandamus.

On September 12, 1963, a demurrer was filed on behalf of "the defendant in the above styled cause." This demurrer has been treated as having been filed by those parties originally made defendants to the petition.

On September 12, 1963, the petitioners filed a motion to have the Circuit Court of Butler County rescind its order of September 10, 1963, allowing the Conecuh County Board of Education to intervene and to strike the petition of intervention.

On September 12, 1963, the trial judge denied the motion of petitioners to rescind the order permitting the Conecuh County Board of Education to intervene, as well as the motion to strike that Board's petition of intervention. The trial court also overruled the demurrers which had been interposed to the petition for mandamus. The remainder of the trial court's "order" of September 12, 1963 (filed September 14, 1963), reads as follows:

"The Court then proceeded to hear the petition and neither the Butler County Board of Education nor the Conecuh County Board of Education filed written answers but by and through their respective attorneys admitted in open Court all of the Allegations of the petition except the allegation that Petitioners' children are required by the laws of Alabama to attend school at McKenzie, Alabama, and the Court, determining this to be a question of law in view of the other allegations in the petition which were admitted, proceeded to hear this cause without taking testimony, even though Petitioners offered to prove the allegations of the petition, the Court being of the opinion that no testimony was necessary in view of the admissions of fact and the Butler County Board of Education through its attorney having conceded and admitted that if it has the legal authority to operate buses in the manner prayed in the petition, it has the duty and responsibility to do so, and upon consideration of the petition, the admissions of fact made in open Court and the arguments presented by counsel of the parties hereto, the Court finds and determines as follows:

"1. That petitioners are all white residents of Conecuh County, Alabama, and each lives within five miles of the boundary line between Butler County and Conecuh County, Alabama.

"2. That the public school maintained by and under the administration and supervision of the Butler County Board of Education at McKenzie, Alabama, is the nearest school of the white race to the place of residence of each Petitioner and that Petitioners are each patrons of said school.

"3. That the Butler County Board of Education has refused and continues to refuse to provide transportation for the children of Petitioners to said school although said Board of Education provides transportation to other children who are required to attend

schools or who do attend schools under its administration and supervision.

"4. That there are others similarly situated to Petitioners who have not joined in the petition.

"5. That heretofore the Conecuh County Board of Education has voluntarily furnished transportation for the children of Petitioners and others similarly situated to said school at McKenzie, Alabama, and that said Conecuh County Board of Education refuses to provide such transportation for the current school term.

"6. That the Butler County Board of Education has allowed the children of Petitioners and others similarly situated to register at the school at McKenzie, Alabama, but does not currently furnish transportation to said school for said children.

"7. That the Butler County Board of Education is composed of Vernon Stabler, Rex Huggins, Ercil Thompson, W. Jack Williamson and H. B. Wyatt and that the Superintendent is H. L. Terrell, and they are all residents of Butler County, Alabama.

"8. That the children of Petitioners and others similarly situated who are currently registered at and attending the school at McKenzie, Alabama, are entitled to free public transportation from their homes to said school and that it is the duty and responsibility of the Butler County Board of Education to furnish and provide such transportation.

"It is THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court as follows:

"1. That the relief prayed in the petition be and the same is hereby granted.

"2. That the Butler County Board of Education be and the same is hereby ordered by the Court to provide the children of Petitioners and others similarly situated who are registered at and attending the school at McKenzie, Alabama, free public transportation in the same manner and upon the same basis as said Board furnishes transportation for other children attending school at McKenzie, Alabama.

"3. That this order shall not require the Butler County Board of Education to transport any pupils who are currently registered at and attending schools located in Conecuh County, Alabama.

"4. That a copy of this order be served by the Sheriff of Butler County, Alabama, upon Vernon Stabler, Rex Huggins, Ercil Thompson, W. Jack Williamson and H. B. Wyatt, the members of the Butler County Board of Education and upon H. L. Terrell, the Superintendent of Education of Butler County, Alabama.

"5. That the costs of this proceeding be and the same are hereby taxed against the Butler County Board of Education for which let execution issue."

The intervenors, County Board of Education of Conecuh County, the individual members of that Board and the Superintendent of Education of Conecuh County filed security for costs of appeal to this court on October 11, 1963.

Citation of appeal was duly served on the attorney for the petitioners and on the attorney for the defendants to the original petition.

The defendants to the original petition, namely, the Butler County Board of Education, the members of that Board and the Superintendent of Education of Butler County have not appealed.

The intervenors, the appellants, have assigned errors.

There is neither averment nor proof to the effect that the school at McKenzie, Butler County, is a school which is jointly

maintained and operated by the County Board of Education of Butler County and the County Board of Education of Conecuh County. For aught appearing, the McKenzie school is operated solely under the jurisdiction and authority of the Butler County Board of Education. That such is the situation seems to be conceded by appellees.

The trial court's action here sought to be reviewed indicates to us that the trial court entertained the view that irrespective of the fact that the McKenzie school is not a jointly maintained and operated school, the provisions of § 77, Title 52, Code 1940, as amended by Act No. 199, approved September 15, 1961 (Acts of Alabama 1961, Vol. II, p. 2178), requires the County Board of Education of Butler County to admit to the school which it operates at McKenzie, Butler County, all white pupils who reside in Conecuh County within five miles of the boundary line which separates Butler and Conecuh Counties and who reside nearer to the McKenzie school than to any school in Conecuh County operated by the Board of Education of Conecuh County for whites.

Section 77, Title 52, Code 1940, as amended by Act No. 199, supra, reads:

"The county boards of education of two or more counties shall have power to provide jointly for the maintenance of schools in or near the dividing line of such counties on the basis of the enrollment in such school from the counties represented. *Each pupil who lives within five miles of a county boundary line shall attend the school of his race nearest to his residence.* The administration and supervision of such school shall be placed under one of the county boards of education of said countries by agreement between the county boards of education, and if no agreement as to administration and supervision is made, it shall be under the board of education of the county in which the schoolhouse is located." (Emphasis supplied.)

It is the second sentence, which we have italicized above, which the trial court apparently construed as requiring the McKenzie school authorities to admit certain pupils who reside in Conecuh County, irrespective of the fact that the said school is not jointly maintained and operated by the boards of education of Butler and Conecuh Counties, but solely by the Butler County Board of Education.

The second sentence was added by Act No. 199. It was sandwiched in between the first and second sentences of § 77, Title 52, Code 1940, and no other change was made by Act No. 199, supra, in the language of § 77, Title 52, Code 1940.

Section 77, Title 52, Code 1940, provided for the joint maintenance and operation of schools by the county boards of education of two or more counties. It had no other field of operation.

The sentence added by Act No. 199, supra, does not contain language which expressly limits the operative effect of the sentence to jointly maintained and operated schools, but we think it must be given that construction. It does not seem reasonable to assume that the Legislature would insert one sentence in § 77, Title 52, Code 1940, which applies to all schools when that section relates only to schools jointly maintained and operated by two or more county boards of education.

If the Legislature had intended for the provisions of the inserted sentence to apply to schools other than those jointly maintained and operated, it would have been a simple matter to draft legislation which plainly evidenced such an intention, and certainly that is not the case where the provisions added by Act No. 199, supra, were placed between the first and second sentences of § 77, Title 52, Code 1940, which deal only with jointly maintained and operated schools.

The language added by Act No. 199, standing alone, is not limited to schools operated by county boards of education and the construction insisted upon by ap-

pellees would affect schools operated by city boards of education as well. We take judicial notice of the many cities and towns in this state which are located near county boundary lines and we think the construction insisted upon by appellees would present many practical problems to the boards of education of such cities and towns. We do not think the Legislature intended to create a ten-mile-wide "no man's land" straddling the boundaries of the counties of this state.

We hold that the language added to § 77, Title 52, Code 1940, has application only to schools jointly maintained and operated by two or more county boards of education, as authorized by § 77, Title 52, Code 1940, and that it must be read in connection with the provisions of the so-called pupil placement law (Act No. 367, Acts of Alabama 1957, Vol. I, p. 482, which became effective on August 26, 1957, without the approval of the Governor). That law broadens the powers of the local school boards. See Ex parte Board of Education of Blount County, 264 Ala. 34, 84 So.2d 653.

The trial court also seems to have construed the school laws of this state as making it mandatory upon the county board of education to provide transportation to all pupils required to attend any school operated by it. We do not agree.

Our research has disclosed only one statutory provision which provides for the transportation of pupils by county boards of education and it deals only with the furnishing of transportation of pupils to consolidated schools. It is § 76, Title 52, Code 1940, which reads:

> "The county board of education shall consolidate schools wherever in its judgment it is practicable, and arrange, if necessary, for the transportation of pupils to and from such consolidated schools, subject to the provisions of this title."

The provisions now codified as § 76, Title 52, Code 1940, have been considered by this court in several cases wherein the matter of transportation of pupils to *consolidated* schools was involved.

In Salter v. Board of Education of Jefferson County, 229 Ala. 631, 633, 159 So. 78, 79, we said: "The state, in general terms, has conferred on the county board of education power to arrange for the transportation of pupils to and from *consolidated* public schools." (Emphasis supplied.) In support of that statement we cited § 100 of the 1927 School Code, the provisions of which are now codified as § 76, Title 52, Code 1940. See Scott v. Mattingly, 236 Ala. 254, 182 So. 24.

In Shores v. Elmore County Board of Education, 241 Ala. 464, 466, 3 So.2d 14, 15, we observed:

> "It is apparent from § 76, supra [Title 52, Code 1940], that the transportation of school children is directly related to the consolidation [sic] schools. Transportation is indeed a part of the operation of such schools, a daily undertaking, an ever present responsibility."

We further observed in the Shores Case, supra, that in the location of consolidated schools and the transportation of pupils as part of such a system, the board of education acts in a quasi legislative capacity.

In Hodges v. Board of Education of Geneva County, 245 Ala. 64, 66, 16 So.2d 97, 99, we said in part as follows:

> "But this court is committed to the view that the courts have no general supervisory power over the transportation of school children by the agency of the government constituted for that purpose. This court has taken the position that the courts of the state will not ordinarily seek to control the exercise of the broad discretion given by the statutes to the county board of education, since the powers vested in it are quasi judicial as well as administrative. This is true even though in the exercise of discretion there may

have been error or bad judgment. (Authorities cited)

"The courts will, however, act if the acts of the governmental agency are tainted with fraud or bad faith or a gross and palpable abuse of discretion. Authorities, supra. * * *"

■ There is neither averment nor proof to the effect that the McKenzie school is a consolidated school. Hence, insofar as we are able to determine, there is no duty on the Butler County Board of Education to afford transportation to any of the pupils who attend the McKenzie school. That it may afford such transportation in the exercise of its discretion is not a matter of importance here.

Certain it is that the record before us fails to disclose any fraud or bad faith or a gross and palpable abuse of any discretion which may be vested in the County Board of Education of Butler County relative to the transportation of students to and from the McKenzie school.

The provisions of § 4 of the so-called pupil placement law (Act 367, Acts of Alabama 1957, Vol. I, p. 482, which became effective on August 26, 1957, without the approval of the Governor) do not make it mandatory upon the county boards of education to furnish transportation to pupils. It does provide, among other things, that local boards when assigning, transferring or continuing pupils among and within the schools, or within the classrooms, etc., shall consider among other factors the availability of transportation. Moreover, there has been no resort to the pupil placement law in this case.

In view of the foregoing, we are constrained to the construction that the trial court erred in issuing the order here sought to be reviewed.

■ Appellees argue that the appellants have no interest in this case and are not affected or aggrieved by the order here sought to be reviewed and, hence, have no right to appeal. We do not agree.

As has heretofore been indicated, the appellants were allowed to intervene because of their interest in the subject matter of the proceedings. Appellees filed a motion to rescind the order allowing intervention, claiming the case did not affect the right or interest of the intervenor, the appellants. That motion was denied. That action of the trial court has not been cross-assigned as error.

The subject matter of this case includes school transportation, within the confines of Conecuh County, of school children residing in Conecuh County. The Conecuh County Board of Education has an interest in the matter of enrollment and the transportation of its resident children, attendance of resident children, and the effect on Conecuh County finances by attendance of those children upon schools in adjoining counties.

We hold that under the provisions of § 247, Title 7, Code 1940, the appellants were properly permitted to intervene and that they have had the right, by appeal, to bring to this court for review the judgment of the trial court which ran counter to their contentions.

The judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

All the Justices concur except COLEMAN, J., who dissents.

COLEMAN, Justice (dissenting).

If this appeal had been taken by the Butler County Board of Education, I would probably concur in reversal, but the appeal has not been taken by the Butler Board. The Butler Board is the only party compelled to do anything by the judgment complained of, but the Butler Board is not complaining. The parents of the children in this case are not complaining. As I understand the facts, these children have been attending the McKenzie school for years. No one seems dissatisfied with the

judgment except the Conecuh Board who are not required to do anything by the judgment. For that reason, I am of opinion that the Conecuh Board has no standing to complain of the judgment. Fourth National Bank v. Kelly, 203 Ala. 526, 84 So. 755. The Board which is required to do something is not complaining, the parents of the children are not complaining, and I would not reverse the judgment on the insistence of appellants.