180 So.2d 246

**Ex parte PERRY COUNTY BOARD OF EDUCATION et al.**

**2 Div. 480.**

Supreme Court of Alabama.

Nov. 18, 1965.

Goodwyn & Smith, Montgomery, for petitioner.

Pitts & Pitts, Selma, for respondent.

HARWOOD, Justice.

Prior to 1965, the Perry County Board of Education had operated all of the schools in Perry County.

In January 1965, the City of Marion, in Perry County, established its own educational system, appointed a City Board of Education and by resolution of the City Council transferred to the jurisdiction of the Board of Education of the City of Marion the public schools within the City of Marion. This action was pursuant to the provisions of Title 52, Section 148 et. seq., as amended. Thereafter the State Department of Education transferred the schools' plants and properties in the City of Marion to the jurisdiction of the Marion City Board of Education.

During the summer of 1965, the complainants who are parents of children living in northwest Perry County began contacting the Perry County Board of Education as to what arrangements were to be made for transporting children living in the northwest area of the county to schools, the children having theretofore attended the schools in the City of Marion. Finally on 27 August 1965, some three days before the opening day of the schools on 31 August 1965, the Perry County Board of Education notified the parents of the children living in the above mentioned area of Perry County that the County Board would not transport children on county busses to the schools in the City of Marion which was then under the jurisdiction of the City of Marion Board of Education.

On 12 September 1965, the complainants, who are parents of children who previously

had attended schools in Marion, and who lived in northwest Perry County, filed a bill against the Perry County Board of Education and the County Superintendent of Education, and the Board of Education of the City of Marion, and the Superintendent of Schools for the City of Marion. The bill sought an injunction, a temporary injunction, and a declaratory judgment to order the Perry County Board of Education to provide transportation to schools in the City of Marion for children living in northwest Perry County who had attended schools in the City of Marion in the school year 1964–1965.

The bill, after setting forth certain facts in detail avers that the "arrangement of transportation worked out by the Perry County Board of Education is unreasonable, unjust, unfair, and discriminatory as it pertains to the children who reside in said area and places an undue burden upon said children and their parents." We note that the transportation arrangement complained of provides for transportation of children living outside the City of Marion to schools operated by the County Board of Education only.

After a hearing the lower court issued a temporary injunction by the terms of which the Perry County Board of Education and the Perry County Superintendent of Education were separately and severally enjoined:

"1. To transport in school busses the Complainants' children and the children of members of the class similarly situated with the Complainants to and from schools in the City of Marion to and from places in Perry County outside the corporate limits of the City of Marion.

"2. Not to transport or require the transportation of said children from the area in which they live and in which the Complainants reside to Suttle, Alabama and/or Heiberger, Alabama.

"3. To map out and prescribe a route or routes for school busses and a schedule therefor wherein and whereby the children of the Complainants and the children of members of a class of persons similarly situated and residing in Perry County can be transported to and from schools in the City of Marion from points and places outside of the corporate limits of the City of Marion, which said schedule or routes shall not be unreasonable in time or places of departure or arrival so that it would make it impracticable for the children of the Complainants or persons similarly situated to attend the schools in the City of Marion.

"4. Said injunction shall include all students residing in the Sections of Perry County, Ala. from which said School Board transported children to the School in the City of Marion during the preceding school year.

This temporary injunction shall become effective at 12:01 A.M. Monday September 13, 1965."

On 13 September 1965 the Perry County Board of Education and the Perry County Superintendent of Education petitioned this court for a writ of Prohibition and that a rule nisi be issued to Hon. L. S. Moore, Judge of the Circuit Court of Perry County in Equity directing him to show cause why he should not be prohibited from proceeding further in said cause.

On 15 September 1965, this court issued the rule nisi as prayed, returnable within thirty days. The order thus issued further stated:

"This court being in doubt as to the equity of the bill of complaint, and in view of the unusual circumstances, it is ordered that the temporary injunction shall not be enforced prior to a final determination of the cause by this court, and it is therefore stayed pending such final determination."

Judge Moore duly filed his answer to the rule nisi, attaching to said answer a copy

of the transcript of the evidence taken at the hearing.

Among the matters set forth in Judge Moore's answer, and pertinent to this review, are the following:

" * * * on the hearing for temporary injunction it was developed that on the last day of school in early June of 1965, L. G. Walker, Superintendent of the Perry County Board of Education, delivered to school officials, to be placed in the hands of school bus drivers, a mimeographed memorandum which in substance stated to the children that were to ride said bus the route or routes the busses would take during the school year of 1965-66 and the schools to which said busses would operate, but this Respondent says that there was no direct evidence that these mimeographed sheets ever actually arrived in the hands of the parents of said children; that the evidence adduced on said hearing firmly established that the Complainants had attempted during the entire Summer to ascertain from the Perry County Board of Education whether or not school busses would transport their said children to the schools located in the City of Marion and on more than one occasion the Complainants and other parents situated in North Perry County, where schools had been demolished by the Perry County School Board and children only recently assigned to schools within the corporate limits of the City of Marion, had sought to obtain from the Perry County Board of Education a definite statement as to whether or not their children would be transported on school busses to schools in the City of Marion; that in fact L. G. Walker, Superintendent of Education of Perry County, Alabama, had attended a community meeting in North Perry and this question had been propounded to the said L. G. Walker and he would not give to said parents a definite answer and stated to them he would see what could be done about the situation; that said parents were constantly inquiring of the Perry County Board of Education during the Summer of 1965 as to whether or not their children would be transported in school busses to schools in the City of Marion; that it was not until on, to-wit: Friday, August 27, 1965, that the Perry County Board of Education definitely advised the Complainants that their children would not be transported on school busses to the City of Marion and that the children of high school age would be transported to Suttle High School, necessitating that said children board said busses in the neighborhood of 5:00 to 5:30 each morning, returning to their homes between 5:00 and 6:00 each day; * * *.

* &ast; &ast; &ast; &ast; &ast;

" * * * that the Respondent, L. S. Moore, as Judge of the Circuit Court of Perry County, Alabama, in Equity, upon hearing the argument of Counsel for the Perry County Board of Education and the members thereof arrived at the conclusion that said Bill of Complaint did contain sufficient equity in that said Complaint stated an equity well within the exception to the rule that courts have no general supervisory power over the transportation of school children, which said exception is that a Court of Equity can act in cases of bad faith, or a gross and palpable abuse of discretion; therefore, the Court ruled that out of fairness and justice to all parties concerned testimony should be taken in said case to determine whether or not there had been a palpable abuse of discretion on the part of the Perry County Board of Education * * *.

&ast; &ast; &ast; &ast; &ast; &ast;

" * * * this Respondent further says that the facts in this case presented a temporary emergency situation and that the Perry County Board of Education did not adequately and completely and fairly handle the situation and in fact by their neglect and failure to,

act and refusal to transport children that found themselves in an unusual situation and their failure to notify the parents of said children before August 27, 1965, constituted a palpable abuse of authority on the part of Perry County Board of Education affecting more than 110 children in North Perry County; * * *."

■ It is clear under our decisions that courts have no general supervisory power over the transportation of school children by the agency of the government (Boards of Education) constituted for that purpose, and a court will not ordinarily seek to control the exercise of the broad discretion given by statutes to Boards of Education in this respect, the powers being quasi judicial as well as administrative. This is true even though in the exercise of its discretion a Board of Education may have exercised faulty judgment. Hodges v. Board of Education of Geneva County, 245 Ala. 64, 16 So.2d 97.

■ It is equally clear under our decisions that where the transportation of pupils to a consolidated school is not involved, and there has been no agreement between two school systems as to the acceptance and transportation of pupils into the school system in which they do not reside, there is no duty on the part of a Board of Education to transport pupils beyond its territorial limits. Not only is there no duty, there is no lawful warrant to furnish such transportation in the absence of an agreement between the systems. Conecuh County Board of Education v. Campbell, 276 Ala. 343, 162 So.2d 233; Ex parte Board of Education of Blount County, 264 Ala. 34, 84 So.2d 653.

■ As above stated, courts ordinarily will not interfere with the transportation of school pupils as determined by a Board of Education. An exception to this rule is that a court will interfere if the acts of the Board of Education are infected with fraud, or bad faith, or gross abuse of discretion. Salter v. Board of Education

of Jefferson County, 229 Ala. 631, 159 So. 78; Scott v. Mattingly, 236 Ala. 254, 182 So. 24.

. It was the conclusion of the lower court that the Perry County Board of Education was guilty of bad faith or gross abuse of discretion in refusing to furnish transportation of county children into the Marion city school system, not having informed the county patrons until three days before the opening of school.

In the absence of an agreement between the Perry County Board of Education and the Board of Education of the City of Marion, the County Board was without authority to furnish transportation. Clearly no agreement existed between the two boards, and it was clearly within their sole province to enter into such an agreement. Each board had an option and discretion in the matter. No basis for a conclusion of the existence of bad faith or abuse of discretion can arise from the non-exercise of an option.

While the lower court apparently gave weight to the fact that there was no firm evidence that the mimeographed announcement concerning school transportation was ever delivered to the parents of the children affected, his further findings as to the efforts of the parents through the summer to obtain information, the community meeting, etc., abundantly show that the complainants and other parents had full knowledge as to the situation created by the separation of the Marion city schools into a new school system.

A more deliberate consideration of the issues would seem to verify this court's expression of doubt as to the equity of the bill filed by the complainants.

The Marion County Board of Education, and the County Superintendent did not, however, seek to test by appeal the decree granting the injunction but sought to prohibit the lower court from further proceeding in the matter. By the provisions of Section 1057, Title 7, Code of Alabama 1940, an appeal from an order granting or

refusing a writ of injunction lies to this court within ten days, to be heard as a preferred case on the first Thursday this court is in session after the expiration of the ten days, or as soon thereafter as feasible.

A writ of prohibition is an extraordinary and drastic writ to be employed with great caution and should be issued only in cases of extreme necessity. Ex parte Burch, 236 Ala. 662, 184 So. 694. It is a preventive rather than a corrective remedy employed to prevent a usurpation of excess jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120; State ex rel. McQueen v. Horton, 31 Ala. App. 71, 14 So.2d 557, Affd. 244 Ala. 594, 14 So.2d 561. A writ of prohibition will not issue when a plain, adequate, and speedy remedy at law is available. Barber Pure Milk Co. of Montgomery v. Alabama State Milk Control Board, 274 Ala. 563, 150 So. 2d 693, and cases therein cited, and neither a writ of prohibition, or mandamus will usually be issued to review the order of an inferior tribunal granting or denying a temporary injunction because such order is generally appealable. Ex parte Register, 257 Ala. 408, 60 So.2d 41. Only if the pleadings show on their face that the lower court does not have jurisdiction to make the order entered, will a writ of prohibition be issued prohibiting the lower court from making further orders except to dismiss the petition. Ex parte Register, supra. In such instances the act of the usurping court is wholly void, and will not support an appeal. Ex parte State ex rel. Martin, Atty. Gen., 200 Ala. 15, 75 So. 327.

In the present case the petition as framed clearly discloses probable jurisdiction in the court below. After hearing the court issued the decree here sought to be questioned by a petition for a writ of prohibition. The decree is a fait accompli. There is now nothing to prohibit. If erroneous, an adequate remedy by appeal was open for corrective purposes.

The rule nisi heretofore issued in response to the petition for a writ of prohibition should be, and hereby is, discharged.

We note that in his answer Judge Moore, in asserting that the rule nisi should be discharged, set forth that since the issuance of the rule nisi, and the stay of the injunction by this court, the Perry County Board of Education has run notices in a Perry County newspaper that children similarly situated to the children of the complainants would be transported by the Perry County Board of Education to the schools in the City of Marion, and that "in effect the case that is now before this court is moot in that the Perry County Board of Education has already abided by the temporary injunction even though this court stayed the Writ of Injunction * * * thereby recognizing their previous abuse of authority." In response to questions from the bench during the arguments of this matter, counsel for both sides were in agreement that the transportation of the children by the Perry County Board of Education was to be continued for this full school year of 1965–66.

This demonstrates that any emergency that may have existed in the origin of this conflict no longer exists, and that the appellants will not be prejudiced in resorting to appropriate procedural methods to review the action of the lower court by such method as may now be open to them, such as by a motion to discharge or dissolve the temporary injunction.

Since the rule nisi is due to be discharged because procedurally inapt, no need arises to consider the respondent's assertion that the matters presented in the present proceedings are or are not moot.

Rule nisi discharged.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.