214 So.2d 908

**Ex parte KAISER JEEP CORPORATION et al.**

**1 Div. 453.**

Supreme Court of Alabama.

Oct. 3, 1968.

———◆———

McCorvey, Turner, Johnstone, Adams & May, Mobile, for petitioners.

Cunningham, Bounds & Byrd, Mobile, for respondent.

PER CURIAM.

Petitioners here file their petition for an alternative writ of mandamus, directed to respondent, commanding him to vacate and set aside the order he entered on April 12, 1967, in case number 9686–H, in the Circuit Court of Mobile County, granting the motion of plaintiff for a new trial, or show cause why he should not do so. Also, the petition prayed that, upon a final hearing, this court issue a peremptory writ ordering the respondent to vacate and set aside said order. We issued rule nisi to respondent.

The circumstances motivating the petition appear, in the petition, to be substantially as follows:

On, to-wit, March 13 and 14, 1967, the case of Citmoco Service, Inc., plaintiff, versus Carr-White Truck Company, Inc., a corporation, Kaiser Jeep Corporation and Kaiser Jeep Sales Corporation, defendants, was tried before a jury in the circuit court of Mobile County, said case being No. 9686–H on the Law Docket of said court.

The jury, in said case, on March 14, 1967, returned a verdict in favor of plaintiff against defendants Kaiser Jeep Corporation and Kaiser Jeep Sales Corporation, and not against the defendant Carr-White Truck Company, Inc., and judgment against the two Jeep Corporations was entered.

On March 30, 1967, petitioners appealed from said verdict and said judgment against themselves by filing a lawful supersedeas bond in the required amount.

On March 31, 1967, plaintiff filed its motion for a new trial as to all defendants, and at the hearing on said motion on, to-wit, April 7, 1967, the trial court, the Honorable Joseph M. Hocklander, the trial judge, granted said motion over the objection of petitioners.

Following the issuance of a rule nisi, respondent filed in this court a return in which he stated that he had complied with the alternative writ of mandamus, and had vacated and set aside the order that vacated the judgment rendered against petitioners. He did not vacate the alleged judgment against Carr-White Truck Company, Inc., contending that this company did not take an appeal and that he had jurisdiction to enter an order as to it.

This court has rendered an opinion and entered its judgment affirming the judgment of Citmoco Service, Inc., against petitioners that was entered, as heretofore shown. Kaiser Jeep Corporation, etc., et al. v. Citmoco Service Inc., a Corporation, 1 Div. 444–444A (M.S.), decided this date.

In view of this affirmance, any complaint lawfully accruing to petitioners that it would be unlawful for the case against the Carr-White Truck Company to be retried, pending the outcome of the appeal of petitioners to this court, is now moot. This latter defendant is not complaining to this court about the order.

The trial court having complied with the order of this court to vacate its order setting aside the judgment against petitioners, any further order of this court with respect to said vacation is unnecessary. Any further order with respect to Carr-White Truck Company, Inc., is also unnecessary. The prayer for a peremptory writ is denied.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Writ denied.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.