ADAMS, Justice.
Talladega Little League, Inc. (“the Little League”), operates a baseball program in the City of Talladega for children who are nine years old. The City of Talladega also operates a baseball program called “T-Ball”; that program is not connected with the Little League.
The Little League conducted tryouts and held a registration for its program during the period March 23-30, 1989. About May 9, 1989, James Anderson told the Little League officials that he had mistakenly registered his son Blake for T-Ball and requested that Blake be allowed to play in the Little League. The Little League officials told Anderson that Blake could not play, because he had missed the registration date. As next friend of Blake, James Anderson filed a complaint, requesting a temporary restraining order to enjoin “Little League, Inc.” and the City of Talladega from prohibiting Blake from participating in the Little League program; the trial court issued the T.R.O. After a final hearing, the trial court entered a permanent injunction granting the same relief, but ordered that “by the very nature of this action [the injunction] shall not extend past the 1989 Minor League Program within the City of Talladega, Alabama.”
After this injunction was issued, the president of the Little League declared in a letter to Anderson that the Little League was not a party to the proceeding, because the defendant named in the complaint was “Little League, Inc.,” a federally chartered corporation, not Talladega Little League, Inc. Accordingly, the Little League’s president declared, the Little League was not bound by the injunction and therefore it did not have to allow Blake Anderson to play in its baseball program. Anderson filed a motion for a rule nisi, asking that the defendants be required to show why they should not be held in contempt, and he also filed an action against “Talladega Little League, Inc.,” and its individual directors and officers, alleging the same facts and requesting the same relief as in the prior lawsuit. The trial court issued a temporary restraining order granting that relief against the Little League and then “extended” its effect. The Little League filed this petition for a writ of mandamus requiring the trial court to consolidate the cases and to either dissolve the injunctions or dismiss the cases.
We take judicial notice that by now, the Little League’s season has ended. The controversy in this case, whether Blake Anderson may play baseball in the Little League’s 1989 season, is moot, and the injunction by its own terms has expired. Although we do not address whether mandamus was the proper method for reviewing the trial court’s ruling, we point out that we have consistently held that mandamus will not issue in a case where the underlying issue has become moot. State ex rel. Gallion v. Emmet, 285 Ala. 511, 234 So.2d 47 (1970); Ex parte Kaiser Jeep Corp., 283 Ala. 165, 214 So.2d 908 (1968). Accordingly, the petition for writ of mandamus is due to be denied.
WRIT DENIED.
JONES, ALMON, SHORES and STEAGALL, JJ., concur.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., dissent.