ON APPLICATION FOR REHEARING
This Court's original opinion of December 7, 1990, is withdrawn, and the following is substituted therefor.
On May 15, 1989, James Anderson filed a complaint and a request for a temporary restraining order against the City of Talladega and Little League Baseball, Inc., a Pennsylvania corporation, enjoining them from prohibiting his son, Blake G. Anderson, from playing baseball on a Talladega Little League minor league team. The temporary restraining order was issued on May 15, 1989. On May 28, by order of the trial court, the temporary restraining order was made effective through the 1989 baseball season. On June 2, in a separate action, Talladega Little League was enjoined after Anderson determined that neither the City of Talladega nor Little League Baseball, Inc., had control over Talladega Little League. The defendants, City of Talladega, Little League Baseball, Inc., and Talladega Little League, petitioned this Court for a writ of mandamus requiring the trial court to consolidate the cases and to either dissolve the injunction or to dismiss the case. On January 5, 1990, this Court denied the writ in Ex parteTalladega Little League, Inc., 556 So.2d 386 (Ala. 1990), because the underlying action, to determine whether Blake had been arbitrarily prohibited from playing little league baseball, had become moot with the end of the 1989 baseball season. Id. at 387. On March 20, 1990, the trial court entered the following order: "The court, after hearing extensive argument of counsel, finds that the issues complained of have become moot and the case is dismissed."
Talladega Little League, Little League Baseball, Inc., and the City of Talladega appealed from that dismissal on the grounds that the trial court had improperly denied them a judicial determination of whether the injunctions had been wrongfully issued and, if so, whether they were *Page 1295 
entitled to recover costs, damages, and attorney fees from Anderson.
In Ex parte Talladega Little League, supra, this Court held that the issues presented by the defendants were moot and, therefore, that mandamus would not issue. Id. at 387 (citingState ex rel. Gallion v. Emmet, 285 Ala. 511, 234 So.2d 47
(1970); Ex parte Kaiser Jeep Corp., 283 Ala. 165, 214 So.2d 908
(1968)). The majority did not address the question whether the injunction had been wrongfully issued. That question is again before this Court on this appeal because the injunction was not dissolved until the trial court dismissed the entire action on the ground that it was moot.
While it is true that this Court's denial of the petition had the same effect as an order dissolving the injunction, i.e., a termination of the action, it is also true that the appellants would have obtained a more complete result if the injunction had been dissolved on the ground that it had been wrongfully issued. This difference would have provided access by the appellants to costs, damages, and attorney fees from the two $1,000 bonds Anderson posted to secure the injunctions. It is clear that this Court, in Ex parte Talladega Little League,Inc., did not adjudicate the propriety of the issuance of the injunction in that mandamus proceeding. Mandamus will usually not be issued to review a lower court's order granting or denying a temporary injunction, because the order is generally appealable. Ex parte Perry County Board of Education, 278 Ala. 646, 180 So.2d 246 (1965).
Based on the facts and circumstances in this case, we conclude that the injunctions were, as a matter of law, wrongfully issued; therefore, the appellants, having obtained a dissolution of the injunctions, are entitled to whatever costs, damages, and attorney fees they are able to prove to the trial court. Justice Maddox, in his dissent in Ex parteTalladega Little League, felt that the Court should have addressed the question of the propriety of the issuance of the injunctions, and he set out his reasons for believing that the injunctions had been wrongfully issued. We agree with his conclusion on the wrongful issuance question, and we now adopt, as the law of this case, the following pertinent parts of his dissent in Ex parte Talladega Little League, supra:
 "[E]ven if the injunction, by its terms, has expired, that does not mean that the party enjoined is not entitled to recover if the injunction was wrongfully obtained. Clearly the injunction should not have been issued." (Emphasis in original.)
Id. at 387-88 (Maddox, J., dissenting) (footnote omitted).
In concluding that the injunction was wrongfully issued, Justice Maddox stated:
 "[T]he injunction was wrongfully issued, because Talladega Little League, Inc., is a voluntary association, and this court has consistently adhered to the principle that a voluntary association has a right to conduct its affairs without judicial interference, Local No. 2206, American Federation of Government Employees v. Chamblee, 295 Ala. 76, 323 So.2d 346 (1975); In re Galilee Baptist Church, 279 Ala. 393, 186 So.2d 102
(1966), subject to certain well-defined exceptions not applicable here, see Dixon v. The Club, Inc., 408 So.2d 76 (Ala. 1981), and Wells v. Mobile County Bd. of Realtors, 387 So.2d 140 (Ala. 1980).
 "This case is not different from those in which the Alabama High School Athletic Association has been involved, and this Court has stated on more than one occasion that a courtroom is not the proper field of competition for athletes. See Alabama High School Athletic Association v. Rose, 446 So.2d 1 (Ala. 1984); Kubiszyn v. Alabama High School Athletic Association, 374 So.2d 256
(Ala. 1979)."
Ex parte Talladega Little League, Inc., supra, at 389 (Maddox, J., dissenting).
In the line of cases involving the Alabama High School Athletic Association, *Page 1296 
this Court has held that jurisdiction over these cases is invoked
 "when and only when, the averments of fraud, collusion, or arbitrariness are supported by clear and convincing evidence; and the trial court's acceptance of jurisdiction will be affirmed only where its order makes an unequivocal factual finding of one or more of those narrow, restrictive grounds, founded upon clear and convincing evidence."
Alabama High School Athletic Association v. Rose, 446 So.2d 1,5 (Ala. 1984) (citing Scott v. Kilpatrick, 286 Ala. 129,237 So.2d 652 (1970)).
The plaintiff, Anderson, averred that Talladega Little League's decision not to allow his son Blake to play little league baseball was arbitrary. However, by his own admission, Anderson did not properly register Blake for Talladega Little League's minor league, the league for children Blake's age. He admits that he registered Blake for the T-ball league, which is a league administered by the City of Talladega for children younger than Blake. The record does not indicate that Anderson produced any evidence that the decision of Talladega Little League was arbitrary, as Anderson claimed. In fact, the record shows that the decision of Talladega Little League not to allow Blake to play baseball was based upon Anderson's own failure to properly register Blake.
Also, the record reveals that the City of Talladega and Little League Baseball, Inc., had no control over Talladega Little League's minor league program and, therefore, could not possibly have prevented, arbitrarily or otherwise, Blake from participating in the baseball program. In the order making the temporary injunction against the City of Talladega and Little League Baseball, Inc., permanent and releasing the sureties, the trial court said that the conduct complained of was a result of mistake on both sides and that the decision of the defendants, Little League Baseball, Inc., and the City of Talladega, to deny Blake the opportunity to participate in the minor league program was arbitrary and without justification. However, Anderson had produced no evidence that the City of Talladega or Little League Baseball, Inc., had any control or influence over the decision of Talladega Little League as to who would play minor league baseball. Therefore, we hold that the injunction was wrongfully issued and that the trial court prematurely released the sureties.
Because both injunctions were wrongfully issued, as a matter of law, the defendants have a cause of action for recovery under the surety bonds posted in accordance with Rule 65(c), A.R.Civ.P. Rule 65(c) provides:
 "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and reasonable attorneys fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. . . ."
Ala.R.Civ.P. 65(c). This court has held that "[t]he bond is the contract of the parties executing it, [and that] the [rule] prescribes its terms and conditions, and the right of action arises immediately upon its breach." Miller v. Wood, 257 Ala. 594,595, 60 So.2d 353, 354 (1952). The bonds in this case were conditioned upon a determination that the temporary injunction be found to have been wrongfully issued. The injunctions were wrongfully issued, as a matter of law, and the defendants are entitled to recover costs, damages, and reasonable attorney fees under the security bonds.
The judgment of the trial court dismissing Anderson's complaint against the defendants, City of Talladega, Little League Baseball, Inc., and Talladega Little League, is reversed. The trial court is directed forthwith to conduct an evidentiary hearing and determine the amount of costs, damages, and attorney fees incurred by the defendants to be paid out of the bonds.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION *Page 1297 
FOR REHEARING GRANTED; REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.
 *Page 156