794 So.2d 1157 (2001)
Ex parte T.R.S.
(In re S.D.S. v. T.R.S.)
2000190.
Court of Civil Appeals of Alabama.
March 16, 2001.
*1158 Willis H. Clay, Gadsden, for petitioner.
David C. Livingston, Gadsden, for respondent intervenors R.S. and M.S.
MURDOCK, Judge.
This mandamus proceeding arises out of a grandparent-visitation matter. The Etowah County Circuit Court entered a final judgment divorcing T.R.S. ("the mother") and S.D.S. ("the father") and awarding sole custody of the parties' child to the mother. R.S. and M.S., the child's paternal grandparents ("the grandparents"), then filed a petition, pursuant to Ala.Code 1975, § 30-3-4.1, seeking to obtain rights to visitation with the child. The mother opposed the grandparents' petition, alleging that visitation would not be in the child's best interests; later, she lodged a due-process constitutional challenge to § 30-3-4.1, citing Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), in which the United States Supreme Court held unconstitutional a Washington statute that permitted trial courts in that state to grant rights of visitation to "any person" whenever visitation might serve the best interests of the child.
The trial court entered a judgment on October 25, 2000, granting the grandparents' petition and overruling the mother's constitutional challenge to § 30-3-4.1. On November 2, 2000, the mother filed a postjudgment motion, pursuant to Rule 59, Ala.R.Civ.P., attacking that judgment; on November 3, 2000, she filed a motion in the trial court to stay the order allowing grandparent visitation, pending that court's ruling on her postjudgment motion "and any appeals she may pursue." The trial court granted a stay through November 18, 2000, at 2:00 P.M., at which time, it directed, visitation should commence. The mother then petitioned this court for a writ of mandamus directing the trial court to extend its stay "until the posttrial motions and appeals if so needed are adjudicated." This court, on November 16, 2000, issued a stay of the trial court's judgment "pending further orders of the court"; we later directed the parties to file answers and briefs.
After considering the petition, the answer, and the briefs of the parties, we conclude that the writ of mandamus is *1159 due to be denied. To the extent the petition seeks an order directing the trial court to extend its stay until the adjudication of the mother's Rule 59 motion, we note that the circuit court's case action summary sheet reflects that that motion was not ruled upon by the trial court within 90 days. Because the trial court did not expressly adjudicate that motion, and because the parties did not consent, on the record, to the trial court's retaining jurisdiction beyond 90 days after its filing, that motion was denied by operation of law on the 90th day, January 31, 2001. See Rule 59.1, Ala.R.Civ.P. Therefore, the question whether the trial court should be directed to grant a stay of its judgment pending its adjudication of the mother's postjudgment motion is moot, and "mandamus will not issue in a case where the underlying issue has become moot." Ex parte Talladega Little League, Inc., 556 So.2d 386, 387 (Ala.1990). To the extent the petition seeks an order directing the trial court to extend its stay until the adjudication of the mother's anticipated appeal, we note that Rule 8(b), Ala.R.App.P., provides an adequate mechanism whereby the mother may petition this court for a stay pending a ruling on her appeal.[1] As our Supreme Court has said, "mandamus is an extraordinary writ to be issued only in situations where other relief is unavailable or inadequate." Ex parte Drill Parts & Serv. Co., 590 So.2d 252, 253 (Ala.1991).
Accordingly, we deny the petition for the writ of mandamus, and we hereby vacate our temporary stay order of November 16, 2000. We emphasize that our decision is limited to the mother's mandamus petition. See Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 895 (Ala.1998).
STAY VACATED; WRIT DENIED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
NOTES
[1] While Rule 8(b) provides that a stay ordinarily must first be sought in the trial court, the trial court has already, in effect, denied the mother's motion for a stay pending the entirety of appellate proceedings, by limiting its stay to November 18; thus, the mother will be readily able to demonstrate, should she appeal from the judgment and request a stay from this court, that the trial court "has failed to afford the relief which [she] requested."