BASKIN *v.* WAYNE CIRCUIT JUDGE.

1. COURTS—PARTIES—WRIT OF PROHIBITION.

The objection that, under 3 Comp. Laws 1915, § 13446, the wife should have been made a party to original proceeding by the husband for a writ of prohibition restraining a circuit judge from exercising further jurisdiction in divorce suit, because jurisdiction of same cause had already been acquired by the court of another circuit, will be disregarded, in view of the fact that a new petition could at once be filed and that the best interests of the

parties require determination of the issue presented on its merits.[1]

2. SAME—JURISDICTION.
    A writ of prohibition is the appropriate remedy to determine which of two circuit courts asserting exclusive jurisdiction over a divorce suit has the right to proceed.[2]

3. DIVORCE—DISCONTINUANCE OF SUIT.
    A wife has the right to discontinue a suit for divorce begun by her.[3]

4. COURTS—JURISDICTION.
    Where a wife, after discontinuing her suit for divorce, appeared and answered in a subsequent suit by the husband in another circuit, the court in which the first suit was started has no jurisdiction to proceed further.[4]

Petition by John G. Baskin against Harry J. Dingeman, circuit judge of Wayne county, for a writ of prohibition to restrain the exercise of jurisdiction in a divorce proceeding. Submitted June 8, 1926. (Calendar No. 32,555.) Writ granted July 22, 1926.

*H. H. Smith* (*Paul Woodworth*, of counsel), for plaintiff.

*Miller, Baldwin & Boos*, for defendant.

SHARPE, J. On June 2, 1925, Grace K. Baskin, wife of plaintiff, filed a bill for divorce in the circuit court for the county of Wayne, in chancery. On August 11th, plaintiff filed his appearance in said cause and his answer to the bill of complaint. On August 31st, the parties, personally and by their respective attorneys, signed a stipulation discontinuing said cause. On September 1st, Judge Dingeman, the defendant herein, entered an order of discontinuance, pursuant to said stipulation.

On September 8, 1925, the plaintiff herein (defendant in the case which had been discontinued) filed a

[1]Prohibition, 32 Cyc. p. 625; [2]Id., 32 Cyc. p. 606; [3]Divorce, 19 C. J. § 374; [4]Id., 19 C. J. § 376.

bill for divorce from his wife in the circuit court for the county of Huron, in chancery.   A chancery summons was thereupon issued and served upon her on the same day.   On September 11th, she filed a petition in the cause which had been discontinued in the Wayne circuit court, praying that the stipulation and order for discontinuance be set aside.   A hearing .on the motion was had on October 1st, but no order made at that time.   On November 3d, her default was entered in the Huron circuit court.   On November 5th, she entered her appearance and filed a motion to set aside the default, to which was attached her proposed answer and cross-bill, and also a motion to change the venue of that case.   On November 14th, an order was made setting aside the default, with a provision that her answer attached to the motion should "be considered filed herein."   On December 22d, an order was entered denying the motion for a change of venue, and on the same day plaintiff filed his answer to the crossbill.   The cause was then placed upon the Huron circuit court calendar for the January, 1926, term.

On January 15, 1926, a subpœna was issued out of the Wayne circuit court and served on the plaintiff herein, commanding his appearance before Judge Dingeman on January 22d, and a notice that further proofs would then be taken on the motion to set aside the order of discontinuance was served on his attorneys.   The attorneys for the parties appeared before Judge Dingeman on the day set.   The proceedings in the Huron circuit court were put in evidence, and plaintiff objected to the taking of testimony and asked that the motion be denied because of the pendency of such proceedings.   A number of witnesses were examined, after which Judge Dingeman entered an order setting aside the order of discontinuance.

Plaintiff thereupon filed a petition in this court, setting up the proceedings had in the Wayne and Huron

circuit courts, and praying that a writ of prohibition issue to Judge Dingeman, restraining him from exercising further jurisdiction in the cause pending in the Wayne circuit court.    The defendant's answer to this petition is before us.    He had filed an opinion on granting the motion, and asks that it be treated as a part of his answer.    In this opinion he reviews the proceedings had and justifies the order made by him on the ground that the stipulation for discontinuance was procured from Mrs. Baskin and her attorneys by fraud.    His reasoning is very convincing that the plaintiff and his friends led his wife to believe that a reconciliation would be effected if her divorce suit should be discontinued.    If the only question before us was whether the proofs submitted to him on the motion justified the order made, we should not interfere with the conclusion reached by him.

Preliminary to the consideration of the main question, it may be noted that defendant's counsel in a supplementary brief urge that under section 13446, 3 Comp. Laws 1915, Mrs. Baskin should have been made a party to this proceeding.    Her counsel here appear for the defendant.    The answer makes no such claim, although doubtless prepared by them.    No motion to dismiss the petition for that reason was made.    As a new petition could be at once filed, we are impressed that the best interests of the parties require us to disregard this objection and determine the issue presented on its merits.

We have here two courts of co-ordinate jurisdiction, each asserting exclusive jurisdiction over a divorce suit between plaintiff and his wife.    In *Wells* v. *Montcalm Circuit Judge*, 141 Mich. 58 (113 Am. St. Rep. 520), this court held that it would be intolerable to permit both courts to proceed to a hearing, and that the writ of prohibition is the appropriate remedy to determine which has the right to proceed.    That Mrs. Baskin

had the right to discontinue the suit begun by her in the Wayne circuit court cannot be doubted. *Coon v. Coon,* 163 Mich. 644; *Chronowski* v. *Zielinski,* 168 Mich. 590; *Eisenbach* v. *Eisenbach,* 176 Mich. 354 (Ann. Cas. 1917A, 1196). When the order of discontinuance was entered, there was no suit pending between the parties. After its entry, the bill was filed by the plaintiff in the Huron circuit. When proper service was made on Mrs. Baskin, that court acquired jurisdiction. By entering her appearance, securing an order setting aside her default, and permitting the answer tendered to stand as her answer in that suit, and moving for a change of venue, Mrs. Baskin submitted herself to the jurisdiction of that court. At the time these proceedings were had, there was no suit pending between the parties in the Wayne circuit.

The issue here presented is not between the plaintiff and his wife. It is one to determine which of these courts has the right to proceed with the trial of the cause. The Huron circuit court having acquired jurisdiction at a time when no suit was pending in the Wayne circuit, and Mrs. Baskin having submitted herself to the jurisdiction of that court, it must be held that while that suit is pending the Wayne circuit court has no jurisdiction to further proceed.

The writ will issue as prayed for in plaintiff's petition. No costs are allowed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred. CLARK, J., did not sit.