184 So. 694

**Ex parte BURCH.**

**BURCH v. BURCH.**

**6 Div. 410.**

Supreme Court of Alabama.

Nov. 25, 1938.

Norman Gunn, of Jasper, for petitioner.

Wiggins & Elliott, J. J. Curtis, and Herman Maddox, all of Jasper, for respondent.

KNIGHT, Justice.

This is a petition for writ of prohibition against the Honorable J. B. Powell as Judge of the County Court of Walker County, Alabama, seeking to prohibit him, as such judge, from proceeding to entertain jurisdiction of a suit pending in said court, wherein Allen Burch is complainant and petitioner, Stella Burch, is defendant.

The material facts as disclosed by the petition are as follows:

Allen Burch, the husband of petitioner, filed in the Circuit Court of Walker County a bill for divorce against his wife, in which he alleged that since his marriage to the petitioner she had committed divers acts of adultery with divers persons, whose names were to complainant unknown. This bill was filed on September 24, 1934. To this bill the wife filed an answer and cross bill, in which she denied that she had ever been guilty of adultery with any one, averred that she was without property or means of support, and prayed for alimony, both temporary and permanent, counsel fees, and for the custody of the two children, offsprings of the marriage union.

The court ordered a reference to the register to ascertain and report what would be a reasonable allowance for temporary alimony and counsel fees. The register thereupon proceeded to hold the reference, and reported that the sum of $5 per week would be a proper allowance for temporary alimony, and twenty-five dollars would be a reasonable allowance for solicitor's fees. This report was duly confirmed by the court. Thereafter the complainant made but slight effort to comply with this decretal order, and was cited more than once to show cause why he should not be adjudged in contempt for failing to pay this temporary alimony.

On May 30th, 1936, the complainant filed his motion in the circuit court to dismiss his bill of complaint, but without prejudice, and on June 1st, 1936, the circuit court entered an order dismissing "complainant's original bill of complaint." The third paragraph of this order was as follows: "It is further ordered that nothing contained herein shall operate to prejudice or bar the complainant from filing or instituting a new suit or cause of action for recovery of the relief prayed for in complainant's original bill of complaint."

On June 6th, 1936, after the original bill had been dismissed, the respondent Stella Burch filed in the circuit court a sworn petition setting forth that the said Allen Burch had not paid the solicitor's fee allowed her, and that he was in arrears in

the payment of her temporary alimony, and prayed for rule nisi against the said Allen Burch requiring him to appear and show cause why he should not be held in contempt in failing to comply with the orders of the court in the matter of the payment of said alimony and counsel fees. On the hearing of this petition, the court held the said Allen Burch in contempt, and ordered his arrest and imprisonment for five days unless he should pay forthwith as much as fifty dollars on alimony and counsel fees. Burch complied with this order, and was not imprisoned.

On April 9th, 1937, the said Allen Burch filed in the Circuit Court of Walker County his second bill for divorce against the said Stella Burch, alleging, as theretofore, acts of adultery on the part of the wife, committed prior to, and since March 2nd, 1934.

To this second bill of complaint the wife filed answer and cross bill, averring that she was without property or means of support, denying that she had ever been guilty of the misconduct charged, and praying for alimony, temporary and permanent, and counsel fees. She also prayed for the custody of her two children.

In neither of her two cross bills did the respondent wife pray for divorce, though she, in each cross bill, charged her husband with many acts of adultery.

On May 20th, 1938, the complainant again appeared and moved the court to dismiss his second bill of complaint. The court on the same day entered an order dismissing this bill. This second order of dismissal contained the following provision: "but without prejudice to the rights of complaint (complainant) to file another suit involving the same cause of action."

On the 25th day of May, 1938, which was just five days after the order of dismissal of the second suit was made and entered in the circuit court, the said Allen Burch filed his third suit for divorce, but this time filed it in the County Court of Walker County. In this third suit he again charged his wife with adultery, as he had in the two previous suits. In this third bill, the complainant seeks to have the court award him the custody of the two children, offsprings of the marriage with respondent.

The petitioner, Stella Burch, has now filed in this court her petition for writ of prohibition against the respondent, J. B. Powell, as Judge of the County Court of Walker County, seeking to prohibit him, as such judge, from proceeding to entertain jurisdiction of the divorce suit filed in the said county court, upon the ground that the Circuit Court of Walker County has assumed, and still has, jurisdiction of the matters involved in said cause.

When the petition was filed here, the court ordered a rule nisi to issue to Judge J. B. Powell.

In response to this rule, Judge Powell has filed his answer. From this answer the facts above stated are substantially admitted, but the respondent judge takes the position that the dismissal of each of the two original bills filed by Allen Burch, the complainant in each, carried with them the cross bills. The said respondent further takes the position, and so states in his answer, that the County Court of Walker has jurisdiction to try and determine the matters involved in the cause filed in his court by Allen Burch; that the two bills theretofore filed by Burch in the Circuit Court had been dismissed out of said Circuit Court without prejudice, and that at the time of the filing of the bill in the County Court of Walker County there was no pending bill for divorce between said parties in the circuit court. That "by express statute the County Court has jurisdiction of divorce proceedings concurrent with the Circuit Court of Walker County."

It is obvious from the answer of the respondent judge that he will proceed to hear and determine the cause filed in his court by the said Allen Burch unless he is prohibited from so doing by order and judgment of this court.

In approaching a consideration of the question presented by the petition and answer of the respondent, we are not unmindful of the fact that prohibition is not only an extraordinary, but a drastic writ, which is to be employed with great caution, for the promotion of justice and to secure order and regularity in judicial proceedings, "and should be issued only in cases of extreme necessity." It is not a favored writ, and can be invoked only in cases where the party complaining has no other adequate remedy. Goodwin, Judge, v. McConnell, 187 Ala. 431, 65 So. 788; Ex parte Brown, 58 Ala. 536; Ex parte Roundtree, 51 Ala. 42; Ex parte Cox, 230 Ala. 656, 162 So. 670; Anders et al. v. Lindsey, Judge, et al., 203 Ala. 48, 82 So. 8.

"Prohibition is not a revisory writ, and should never be awarded, unless the

complaining party has been drawn ad aliud examen into a jurisdiction or mode of procedure disallowed by the laws of the land, or where, by handling matters clearly within their cognizance the inferior courts transgress the bounds prescribed to them by law." Ex parte Boothe, 64 Ala. 312; Ex parte Roundtree, 51 Ala. 42; Ex parte State, 51 Ala. 60; Ex parte Hamilton, 51 Ala. 62; Ex parte Brown, 58 Ala. 536; Ex parte Mobile & O. R. Co., 63 Ala. 349; Atkins v. Siddons, 66 Ala. 453; Anders et al. v. Lindsey, Judge, et al., supra.

In the case before us it appears that Allen Burch had in the first instance made formal selection of the Circuit Court of Walker County as the tribunal which should hear and determine the issues raised by his first bill for divorce. He invoked the jurisdiction of that court to determine whether or not the relation of husband and wife should longer continue between himself and Stella Burch. By his act he invited the circuit court to assume jurisdiction over this marriage relation. When brought into this court to answer the charges made by her husband's bill of complaint, the wife, while resisting the divorce sought by the husband, invoked, by cross bill, the jurisdiction of the circuit court to enforce, in her behalf, an independent equity, viz., permanent alimony and the custody of the children of the marriage. The cross bill sought affirmative relief and not merely relief incidental to the original bill.

The dismissal by the husband of his original bill could not deprive the wife of her right to have the court grant her the relief sought by the cross bills, or by either of them.

■ The general rule is, that when the original bill is dismissed, the cross bill goes with it. But when the "averments of the cross bill relate to and spring out of the subject matter embraced in the original bill, when such cross bill prays affirmative relief, which is equitable in its character, and which requires a cross bill for its presentation," the dismissal of the original bill would not carry the cross bill with it. Abels v. Planters' & Merchants' Ins. Co., 92 Ala. 382, 9 So. 423; Wilkinson v. Roper, 74 Ala. 140; Faulk & Co. et al. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450; Code, §§ 6550, 6551.

■ So, then, when the original complainant Burch dismissed his original bills, the cross bills filed by his wife remained in the circuit court, and he, as the sole party defendant to said cross bills, remained before the court, subject to its orders and decrees. In this situation, the Circuit Court of Walker County still retained jurisdiction over the marital relations of the parties. The fact that the original complainant had ceased to ask for divorce was of no moment, since the wife was insisting upon the retention of jurisdiction by the court for the settlement of the matters presented in her cross bill. The Circuit Court of Walker County was fully competent to deal with all matters touching the marriage status of the parties.

Notwithstanding the fact that the cause was still pending in the Circuit Court of Walker County, the husband has undertaken to have another court of concurrent jurisdiction to adjudicate matters that could be effectually settled in the circuit court, the court whose jurisdiction was first invoked by him, and which still has jurisdiction over him and over his marital relations with Mrs. Burch.

■ It is uniformly held that where two or more courts have concurrent jurisdiction, the one which first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction, to the final determination of the action and the enforcement of its judgments or decrees.

Mr. Chief Justice Cooley, in speaking for the Supreme Court of Michigan, in the case of Maclean v. Wayne Circuit Judge, 52 Mich. 257, 258, 18 N.W. 396, 397, which involved the issuance of a writ of prohibition, said: "It is a familiar principle that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and, while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such consideration exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely. The country has witnessed some such conflicts in which federal and state courts of co-ordinate powers have unguardedly or unadvisedly undertaken to hamper or restrain each other's ac-

tions, and the mischiefs of which such cases are suggestive are quite as likely to arise when courts existing as part of the same system intrude with their process upon each other's authority. The writs prayed for should issue."

And this court in the case of Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 So. 353, 16 L.R.A. 564, 33 Am. St.Rep. 122, in an opinion by Coleman, J., said [page 359]: "All the authorities recognize the importance of carefully preserving the boundary line between courts of concurrent jurisdiction, in order to prevent conflicts, and to preserve in harmony their relations to each other. * * * To prevent abuse of the principle, and the successful perpetration of injustice or fraud, through forms of law, courts accord to suitors and litigants all necessary latitude, and they are not restricted to any one forum for the adjudication of any question or right, provided only that such adjudications are not upon questions pending in another concurrent court which had prior jurisdiction, and provided that its writs or process shall not hinder the performance of any lawful mandate of such concurrent court, or interfere with the possession of any subject-matter then in gremio legis." Many authorities could be cited in support of this proposition, but we deem it unnecessary, in view of the universality of the rule, to further cite authorities. But see 15 C.J. § 583, pp. 1134 and 1135, and authorities cited in notes thereunder.

■ In Vol. 50, § 22, p. 667, Corpus Juris, the author states the rule with reference to issuance of writs of prohibition, to preserve the jurisdiction of the court which first takes cognizance of a cause, as follows: "Prohibition will lie to restrain one court from assuming jurisdiction of a matter over which another, having concurrent jurisdiction, has assumed and is exercising jurisdiction." This statement of the author of the text seems to be abundantly supported by the authorities. Dunbar v. Bourland, 88 Ark. 153, 114 S.W. 467; State v. Reynolds, 209 Mo. 161, 107 S.W. 487, 15 L.R.A.,N.S., 963, 123 Am.St. Rep. 468, 14 Ann.Cas. 198; State v. Ross, 122 Mo. 435, 25 S.W. 947, 23 L.R.A. 534; Willbrook v. Worten, 137 Okl. 148, 278 P. 388; Baskin v. Wayne Circuit Judge, 236 Mich. 15, 209 N.W. 925; Ex parte Goodwyn, 227 Ala. 173, 149 So. 216.

■ This court possesses supervisory power over inferior tribunals, and it is its clear duty to exercise that power whenever it is made to appear that an inferior court is guilty of usurpation or abuse of jurisdiction.

■ The petition makes a case calling for the exercise of this power on the part of this court. The answer of the respondent judge does not controvert the pertinent, material and controlling facts charged in the petition, on the contrary the answer admits these facts to be true.

It is our considered judgment, therefore, that the petitioner is entitled to the writ prayed for, and the same will be here issued, prohibiting the respondent judge, and the County Court of Walker County from entertaining jurisdiction of the suit pending in said court, wherein Allen Burch is complainant and Stella Burch is defendant.

Writ of prohibition granted.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.