This case involves a denial of a writ of prohibition.
On August 25, 1986, the Department of Mental Health and Mental Retardation of the State of Alabama (Department) petitioned the Circuit Court of Clarke County for a writ of prohibition to be issued against the Probate Judge of Clarke County. This petition sought to prevent him from ordering that persons be restrained at Searcy Hospital (Searcy) or any facility of the Department after notice by the Department that no bed space or treatment is available.
After an ore tenus hearing the trial court denied the petition. The Department now appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in denying the Department's petition for a writ of prohibition.
Viewing the record with the attendant presumption, we find the facts in pertinent part reveal the following:
The Probate Judge of Clarke County determined that Henry Hill (Hill) posed a threat to himself and others and ordered that Hill temporarily be restrained and treated. The Deputy Sheriff was then ordered to transport and leave Hill at Searcy. Testimony at the hearing revealed that there was no other place where Hill could have been restrained. The record also reveals that personnel at Searcy stated that they could not take Hill because they did not have any bed space available. However, the record shows that Searcy did in fact admit and evaluate Hill as directed by the court order. On August 25, 1986, Hill was found not to be mentally ill and was released from Searcy.
On August 25, 1986, as noted above, the Department filed the petition for a writ of prohibition, which was subsequently denied by the trial court. Thus, this appeal.
At the outset we note that our scope of review in a case where evidence has been presented ore tenus, as in the instant case, is limited to an examination of the record to determine whether there has been a gross abuse of discretion or palpable error by the trial court. Odom v. Pugh, 434 So.2d 258
(Ala.Civ.App. 1983).
Here, the trial court found that the probate judge had the jurisdiction and authority to order that Hill be temporarily restrained and treated at Searcy, pursuant to Ala. Code (1975), § 22-52-7 (1984 Repl. Vol.). The trial court further found that there was no other public facility available for the restraint and treatment of Hill.
After a careful review of the record, we find the evidence amply supports the trial court's order, and we affirm.
As the trial court noted in its order, a writ of prohibition is not only an extraordinary writ, but a drastic one which is to be employed with extreme caution. Ex parte Burch, 236 Ala. 662,184 So. 694 (1938). It should be used only in cases of extreme necessity. Burch, 236 Ala. 662, 184 So. 694. It is not a favored writ and will be invoked only where the petition *Page 80 
shows on its face that the court below does not have jurisdiction to do or perform an act of judicial nature which it is proposing to perform. Hudson v. Sparks, 272 Ala. 203,129 So.2d 664 (1961).
Further, the writ of prohibition is a preventative rather than a corrective remedy employed to prevent a usurpation of excess jurisdiction by a judicial tribunal. Ex parte PerryCounty Board of Education, 278 Ala. 646, 180 So.2d 246 (1965).
Here, pursuant to Ala. Code (1975), § 22-52-7, the probate judge had the jurisdiction and the authority to order that Hill be temporarily restrained and treated. As noted in its brief, the Department does not contend otherwise. What the Department does contend, however, is that the probate judge cannot order any person restrained at any of its facilities when the Department says that it has no beds available. The Department contends that the probate judge has other alternatives, such as public or private facilities, in which to restrain someone.
We agree with the Department that other alternatives may be available in certain circumstances, pursuant to Ala. Code (1975), § 22-52-17, and Lynch v. Baxley, 744 F.2d 1452 (11th Cir. 1984). However, the record in this case is clear that no such alternatives were available. The probate judge testified that there was no other place in Clarke or surrounding counties where a person in Hill's condition could have been restrained. Further, the coordinator of the Grove Hill Office of the Southwest Alabama Mental Health Center also testified that there was no facility in Clarke or surrounding counties where a person in Hill's condition could be restrained. She testified that she did not know of any facility available to the probate judge other than Searcy in which to restrain and evaluate Hill.
As concerns the Department's contention that it had no bed space available to restrain and treat Hill, we point out the case of Wyatt v. Stickney, 325 F. Supp. 781 (M.D.Ala. 1971). There the court held that "the failure to provide suitable and adequate treatment to the mentally ill cannot be justified by lack of staff or facilities."
Therefore, as there was no evidence of other alternatives available, the only means the probate judge had to temporarily restrain Hill was to place him at Searcy.
We would also point out that, when the Department filed its petition for a writ of prohibition, there was nothing for the trial court to prohibit in the case before it. Searcy had already admitted and evaluated Hill pursuant to the probate judge's order. In fact, Hill had been ordered released from Searcy the same day the petition was filed by the Department.
It appeared that the trial court could have in its discretion determined that there was nothing left for it to "prohibit" and, therefore, could have declined to grant the petition on that ground. See 73 C.J.S. Prohibition § 12 (1983) and Ex partePerry County Board of Education, 278 Ala. 646, 180 So.2d 246.See also 73 C.J.S. Prohibition § 13(b) (1983).
Nevertheless, we find no abuse of discretion or palpable error by the trial court in denying the writ of prohibition.
This court is mindful of the potential problems facing the Department. We are aware of the various state and federal guidelines under which the Department must operate, as well as the growing requests to care for the mentally ill. Therefore, we cannot emphasize enough the necessity of the courts and the particular agencies involved to work together in an effort to alleviate the problems. As pointed out in Stickney, the mentally ill committed for treatment purposes have a constitutional right to receive such treatment so as to give them a realistic opportunity to be cured or to improve their condition. Hopefully, the appropriate judicial entities and the mental health agencies will work together to achieve this end.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur. *Page 81