DONALDSON, Judge.
Jerry M. Blevins petitioned this court for a writ of mandamus directing the Baldwin Circuit Court ("the trial court") to vacate its orders requiring him to transfer funds to the Baldwin Circuit Clerk. As explained in more detail below, we construe that portion of Blevins's petition as an appeal from interlocutory orders issuing and continuing an injunction. However, because it was untimely filed, we dismiss the appeal. Blevins also asserts in his petition that the trial court lacked personal jurisdiction over him and lacked subject-matter jurisdiction over contempt proceedings against him. We construe that portion of the petition as a petition for a writ of prohibition. Because Blevins did not allow the trial court an opportunity to consider his jurisdictional arguments before he resorted to filing his petition in this court, we deny the petition for a writ of prohibition regarding the contempt proceedings.[1]
Background
On October 2, 2015, Thomas R. Boller, P.C. ("the law firm"), filed a complaint against Veronica Elena Brogan in the trial court. In its complaint against Brogan, the law firm alleged that Brogan owed it $22,979.11 plus interest for legal services rendered on an open account or, alternatively, on an account stated. At that time, the law firm's attorneys were representing Brogan in a divorce action. On October 7, 2015, a judgment divorcing Brogan and her husband was entered, and that judgment apparently included a provision ordering the marital residence to be sold, with the proceeds to be divided between Brogan and her husband.[2] On October 27, 2015, upon their motions, the law firm's attorneys were permitted to withdraw from further representation of Brogan in the divorce action.
Blevins represented Brogan as her legal counsel in the law firm's action against her. Through Blevins, Brogan filed an answer denying the law firm's allegations. In November 2015, a sales contract was entered for the sale of the marital residence. On December 1, 2015, one of the law firm's attorneys filed a claim in the Baldwin Probate Court, asserting an attorney's lien arising from the law firm's representation of Brogan, against Brogan's ownership interest in the marital residence. In an e-mail to the closing agent for the sale of the marital residence, Blevins stated that there was an agreement to hold the proceeds due Brogan from the sale "in trust until such time as the lien filed by [the law *862 firm] is resolved." The proceeds due Brogan from the sale, $8,290.25 ("the funds"), were remitted to Blevins.
On December 23, 2015, Brogan, through Blevins, filed counterclaims alleging slander of title and conversion against the law firm. Brogan alleged, among other things, that the law firm had falsely claimed that Brogan owed a debt to the law firm and that it was entitled to an attorney's lien. Brogan also alleged that the law firm had wrongfully interfered with the sale of the marital residence.
On June 13, 2016, the trial court granted a motion filed by Blevins to withdraw from further representation of Brogan. Later that day, the law firm filed a "Motion for Order of Interpleader" requesting an order directing Blevins "to immediately interplead the funds in the amount of $8,290.25 into the [circuit clerk's office] ...." On June 24, 2016, the trial court granted the law firm's motion. In a letter to one of the law firm's attorneys, dated July 8, 2016, Blevins stated that he was in receipt of the law firm's "Motion for Order of Interpleader" and that his and Brogan's position had been that the law firm's attorney's lien was never properly perfected. Blevins also stated in the letter that he had asserted an attorney's lien on the funds and that his attorney's lien had priority over any claim by the law firm.
On July 11, 2016, the law firm filed a motion to compel Blevins to comply with the June 24, 2016, order and to interplead the funds to the circuit clerk's office. The July 11, 2016, motion contains a certificate of service certifying that the motion was filed with the circuit clerk using the AlaFile electronic-filing system, indicating that notification of the filing would be sent electronically to Blevins and Brogan. In a letter to one of the law firm's attorneys, dated July 19, 2016, Blevins stated that, unless the law firm commenced within 14 days a declaratory-judgment action regarding the funds, he was going to assume the law firm did not intend to dispute his claim to the funds. On July 29, 2016, the trial court entered an order granting the law firm's motion to compel. The trial court ordered Blevins to turn over the funds to the circuit clerk within 10 days, and it directed the circuit clerk to forward a copy of the order to Blevins.
On August 8, 2016, Blevins filed a motion in the trial court to vacate the June 24, 2016, and July 29, 2016, orders. Blevins stated in the August 8, 2016, motion that he had received the July 29, 2016, order granting the motion to compel. Blevins argued that the orders were void for lack of subject-matter jurisdiction and for lack of personal jurisdiction and that the orders were entered in a manner inconsistent with his rights to due process. Blevins asserted that he had not been served with the June 24, 2016, order granting the law firm's interpleader motion or the law firm's July 11, 2016, motion to compel him to comply with the June 24, 2016, order.
On August 19, 2016, the law firm filed a motion seeking a finding of contempt against Blevins for his failure to comply with the July 29, 2016, order. The certificate of service on the motion included Blevins as a person to be notified of the filing. On August 29, 2016, notices were sent to Blevins regarding a hearing to be held on October 4, 2016, on the contempt motion and on his motion to vacate.
On September 9, 2016, Blevins filed a petition for a writ of mandamus in this court. Blevins also filed a motion to stay the proceedings in the trial court, and this court granted a stay pending our decision on Blevins's petition. On October 25, 2016, Blevins filed a notice informing this court that Brogan had filed for bankruptcy on October 18, 2016. This court directed Blevins and the law firm to provide letter briefs regarding the effect, if any, of the *863 bankruptcy filing on the proceedings in this court. In its letter brief, the law firm argued that the automatic stay, effective pursuant to 11 U.S.C. § 362, applied to stay the proceedings brought by Blevins in this court. In his letter brief, Blevins argued that the automatic stay did not apply because, he asserted, his petition did not concern property belonging to Brogan.
Discussion
Before determining the effect of Brogan's bankruptcy filing on the proceedings before us, we must first address whether this court acquired jurisdiction over this case. "[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). "The timely filing of the notice of appeal is a jurisdictional act." Thompson v. Keith, 365 So.2d 971, 972 (Ala. 1978). Both orders that form the basis of Blevins's petition are nonfinal, interlocutory orders and were entered in a case that remains pending in the trial court. As explained below, we construe Blevins's petition for a writ of mandamus in regard to the June 24, 2016, order and the July 29, 2016, order to be an appeal from interlocutory orders issuing and continuing an injunction. Rule 4(a)(1)(A), Ala. R. App. P., provides that a notice of appeal challenging such an order must be filed within 14 days of the date of the entry of the "interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction."
Blevins challenges the trial court's June 24, 2016, order granting the law firm's "Motion for Order of Interpleader" and the July 29, 2016, order granting the law firm's motion to compel Blevins to comply with the June 24, 2016, order. Rule 22, Ala. R. Civ. P., provides, in relevant part:
"(a) Plaintiff or Defendant. Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20[, Ala. R. Civ. P.].
"(b) Release From Liability; Deposit or Delivery. Any party seeking interpleader, as provided in subdivision (a) of this rule, may deposit with the court the amount claimed, or deliver to the court or as otherwise directed by the court the property claimed, and the court may thereupon order such party discharged from liability as to such claims, and the action continued as between the claimants of such money or property."
Unlike a pleading initiating interpleader proceedings pursuant to Rule 22, the law firm's "Motion for Order of Interpleader" did not seek to release the law firm from multiple liability or to have the law firm deposit funds in its possession into the trial court. Instead, despite the name given to the motion, the motion sought an order requiring Blevins to transfer the funds that were in his possession to the trial court.
"An injunction is defined as '[a] court order commanding or preventing an action.' " Dawkins v. Walker, 794 So.2d 333, 335 (Ala. 2001) (quoting Black's Law Dictionary 788 (7th ed. 1999)). " '[I]t has long been the law that substance, not nomenclature, *864 is "the determining factor regarding the nature of a party's pleadings or motions." ' " Ex parte Alabama Dep't of Mental Health, 207 So. 3d 743, 755 (Ala. Civ. App. 2016) (quoting Chamblee v. Duncan, 188 So.3d 682, 691 (Ala. Civ. App. 2015), quoting in turn Eddins v. State, 160 So.3d 18, 20 (Ala. Civ. App. 2014) ). Under the circumstances of this case, we determine that the substance of the law firm's "Motion for Order of Interpleader" constituted a request for injunctive relief, i.e., an order commanding action by Blevins, and that the trial court's June 24, 2016, interlocutory order issued an injunction requiring Blevins to transfer the funds to the trial court. The proper means for obtaining appellate review of an interlocutory order issuing an injunction is through an appeal. Ex parte State Pers. Bd., 45 So.3d 751, 754 (Ala. 2010). We therefore consider Blevins's petition for a writ of mandamus in regard to the June 24, 2016, order and the July 29, 2016, order as a notice of appeal. See Ex parte Alabama Dep't of Mental Health, 207 So. 3d at 753-56 (considering petition for writ of mandamus challenging an order granting an interlocutory injunction as an appeal).
Blevins's petition was filed on September 5, 2016, more than 14 days after the trial court entered the June 24, 2016, order issuing an injunction. Therefore, the petition, construed as a notice of appeal regarding the June 24, 2016, order, was untimely filed. See Rule 4(a)(1). The July 29, 2016, order granted the law firm's motion to compel Blevins to comply with the June 24, 2016, order. That order continued the injunction and was also subject to the 14-day appeal requirement. See Rule 4(a)(1). Blevins's petition, construed as a notice of appeal regarding the July 29, 2016, order, was also untimely filed. As a result, this court did not acquire jurisdiction over Blevins's appeal of the June 24, 2016, order or the July 29, 2016, order. Without jurisdiction, we have no occasion to determine the effect of Brogan's bankruptcy filing on Blevins's challenge to those two orders. Accordingly, we dismiss the appeal. See Rule 2(a)(1), Ala. R. App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").
Blevins's petition also challenges the trial court's August 29, 2016, notice that a hearing would be held concerning the law firm's contempt motion against him. The materials Blevins submitted to this court contain only a notice of a hearing set for the law firm's motion seeking a finding of contempt against Blevins. The materials submitted do not include any order entered by the trial court regarding the contempt proceedings. Blevins argues that the trial court does not have subject-matter jurisdiction over the contempt matter or personal jurisdiction over him.[3] As Blevins acknowledges, the filing of a petition for a writ of prohibition is the proper procedure for challenging a trial court's jurisdiction in a contempt proceeding. Ex parte Segrest, 718 So.2d 1, 4 (Ala. 1998) ; see Ex parte State Dep't of Mental Health & Mental Retardation, 536 So.2d 78, 80 (Ala. Civ. App. 1988) ("[T]he writ of prohibition is a preventative rather than a corrective remedy employed to prevent a usurpation of excess jurisdiction by a judicial tribunal."). We therefore construe Blevins's petition regarding the contempt claim as a petition for a writ of prohibition.
"[A] writ of prohibition is not only an extraordinary writ, but a drastic one which is to be employed with extreme caution. Ex parte Burch, 236 Ala. 662, 184 So. 694 (1938). It should be used *865 only in cases of extreme necessity. Burch, 236 Ala. 662, 184 So. 694. It is not a favored writ and will be invoked only where the petition shows on its face that the court below does not have jurisdiction to do or perform an act of judicial nature which it is proposing to perform. Hudson v. Sparks, 272 Ala. 203, 129 So.2d 664 (1961)."
Ex parte State Dep't of Mental Health & Mental Retardation, 536 So.2d at 79-80.
"[T]here are generally four prerequisites to the issuance of a writ of prohibition: '(1) usurpation or abuse of power by an inferior judicial or quasi-judicial tribunal, (2) lack of another adequate remedy, (3) injury to the petitioner, and (4) presentation of the question before the inferior tribunal before resorting to the writ.' Barber Pure Milk Co. v. Alabama State Milk Control Bd., 274 Ala. 563, 565, 150 So.2d 693, 695 (1963)."
Ex parte Segrest, 718 So.2d at 4 n.2.
As shown in the materials submitted to us, Blevins raised the lack of personal jurisdiction and the lack of subject-matter jurisdiction as defenses in his motion to vacate, and the law firm filed a motion for contempt sanctions against Blevins. The trial court then set a hearing on both motions for October 4, 2016. Blevins filed his petition in this court before the scheduled hearing and before the trial court ruled on his jurisdictional arguments. Therefore, the trial court has not been shown to have usurped or abused any power, nor has the question been adequately presented to the trial court. See Ex parte Segrest, supra.
We turn to the effect of Brogan's bankruptcy filing on the petition for the writ of prohibition regarding the hearing on the law firm's contempt motion against Blevins. "The United States Bankruptcy Code provides for an automatic injunction as set out in 11 U.S.C. § 362 ; it stays actions by a creditor against the debtor." Gaddy v. SE Prop. Holdings, LLC, 218 So. 3d 315, 319 (Ala. 2016). "The purpose of the automatic stay [provided by § 362 ] is to reinforce the jurisdiction of the bankruptcy court over the debtor's assets and forestall the race to levy upon or make claims against the debtor's property with possibly inconsistent results." Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 995 (5th Cir. 1985) (citing Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir. 1983) ). Section 362(a) prohibits, among other actions, the following actions:
"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
"....
"(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
"(4) any act to create, perfect, or enforce any lien against property of the estate;
"(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
"(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."
We cannot determine from these proceedings that the automatic stay applies to our consideration of the issue. The law firm's motion for a finding of contempt against Blevins was not directed toward the debtor, *866 Brogan; therefore, Blevins's petition to this court challenging the contempt proceedings is not a continuation of judicial proceedings against Brogan. Moreover, Blevins has not argued against the merits of a finding of contempt against him. His petition challenges only the trial court's assertion of jurisdiction, and the jurisdictional questions do not concern property in Brogan's estate. As a result, from the materials before us, we determine that our decision to deny Blevins's petition for the writ of prohibition does not appear to be a judicial proceeding or an action subject to the automatic-stay provision of § 362.[4] See Bradberry v. Carrier Corp., 86 So.3d 973, 983 (Ala. 2011) (holding that automatic-stay provision of § 362 did not extend to judicial proceedings involving debtor's remaining solvent codefendants).
Conclusion
Blevins's appeal of the interlocutory orders issuing and continuing an injunction was untimely filed. Accordingly, we dismiss the appeal of the June 24, 2016, order and the July 29, 2016, order. Blevins failed to satisfy one of the prerequisites for the issuance of a writ of prohibition-namely, the trial court was not permitted to consider his jurisdictional arguments concerning the contempt proceedings before he filed his petition in this court. We therefore deny the petition for a writ of prohibition regarding the contempt proceedings against him.
APPEAL DISMISSED; PETITION DENIED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

We have restyled this case to accurately reflect the proceedings before us.

The materials submitted by Blevins include the divorce judgment, but the page containing the provision regarding the marital residence is omitted. Nevertheless, the parties appear to agree as to how the property was divided in the divorce judgment.

Blevins also argues that he was deprived of his due-process rights, but that argument concerns the trial court's entry of the June 24, 2016, order and the July 29, 2016, order.

Our determination has no bearing on whether the automatic stay pursuant to § 362 applies to any of the proceedings in the trial court.