Rel: April 24, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

## SC-2025-0521

_____

## Ex parte 3M Company, Inc., et al.

## PETITION FOR WRIT OF PROHIBITION

## (In re: Town of Pine Hill

## v.

## 3M Company, Inc., et al.)

## (Wilcox Circuit Court:  CV-24-900039.80)

SHAW, Justice.

3M Company, Inc.; BASF Corporation; DuPont de Nemours, Inc.; Corteva, Inc.; EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company; The Chemours Company; Daikin America, Inc.; International Paper Company; Shannon Dixon; Steve Webb; Carla Pearson; and Solenis LLC, the defendants in an action brought by the Town of Pine Hill ("the Town") alleging that the defendants had caused chemical contamination of the drinking water supply of the Town, seek a writ of prohibition directing the Wilcox Circuit Court to vacate its June 9, 2025, order concluding that it possessed jurisdiction over the action and to stay further proceedings pending resolution of a related appeal currently pending before the United States Court of Appeals for the Eleventh Circuit ("the Eleventh Circuit"). We grant the petition and issue the writ.

<u>Facts and Procedural History</u>

In July 2024, the Town sued the defendants in the Wilcox Circuit Court ("the circuit court"). The complaint was premised on the purported release of toxic chemicals, including per- and poly-fluoroalkyl substances ("PFAS") and related chemicals, from three International Paper mills ("the mills") via wastewater emissions, air emissions, and stormwater

2

emissions that have allegedly contaminated the Alabama River.[1]  The Town obtains the raw water that is ultimately supplied to its residential and commercial utility customers from the Alabama River.  The Town represented that testing at the Town's intake site revealed that the river water contains levels of PFAS that exceed the EPA's maximum contaminant levels, which cannot be removed by the Town's existing water-treatment processes.  Also according to the Town, any detectible concentration of PFAS and related compounds in drinking water has adverse health effects.  Based on those allegations and various theories of recovery, the Town sought compensatory and punitive damages -- associated primarily with the expenses associated with its remediation and testing efforts as well as the future installation and operation of a

---

[1]The defendants generally include the owner of the mills located upstream from the Town's water-intake site on the Alabama River; the parties who supply chemical products and materials to the mills; the parties who use the chemical compounds, products, and materials that contain or degrade into PFAS; and/or the parties directly releasing PFAS into the environment through wastewater emissions, air emissions, and stormwater emissions. In its complaint, the Town defines PFAS as "man-made, laboratory-produced, synthetic chemicals that do not exist naturally in the environment, are harmful at extremely low levels, and for decades were widely used in consumer, household, and other commercial products, as well as industrial uses."

filtration system capable of removing PFAS from the raw water -- and injunctive relief.

The Town's complaint explicitly stated that it "assert[ed] no federal cause of action"; however, it indicated that the defendants are primarily foreign corporations qualified to do business in Alabama and/or their agents who reside in Alabama and are employed at the mills. In response to the Town's complaint, 3M Company, Inc. ("3M"), filed, in August 2024, a notice of removal of the action from the circuit court to the United States District Court for the Southern District of Alabama, Northern Division ("the federal district court"). The removal notice indicated that the alleged contamination "plausibly resulted (at least in part)" from the use, storage, and/or disposal of PFAS containing aqueous film-forming foams that 3M and others had developed for sale to the United States military. Thus, according to 3M, it was, under the federal-officer removal statute, see 28 U.S.C. § 1442(a)(1), entitled to remove the action for adjudication in a federal forum to the extent that the foregoing statute "protect[s] persons who, through contractual relationships with the Government, perform jobs that the Government otherwise would have performed." Alternatively, 3M maintained that removal was proper

4

based on principles of diversity jurisdiction to the extent that the controversy had arisen between citizens of different states.[2]

Although the action was initially removed as 3M had requested, on March 6, 2025, the federal district court entered an order remanding the action to the circuit court. According to the federal district court, that order was emailed to the circuit court on March 7, 2025. Also on March 7, 2025, 3M filed a notice of appeal to the Eleventh Circuit challenging the federal district court's remand order. The remand order was emailed to the circuit court before 3M's notice of appeal was filed.

Shortly thereafter, 3M filed a motion requesting that the federal district court stay its remand order pending resolution of the appeal. Over the Town's opposition, the federal district court, although noting that a stay order was unnecessary because the action was automatically stayed for 30 days upon 3M's filing of the notice of appeal,[3] nonetheless entered an order granting 3M's motion seeking to stay its remand order:

---

[2]It further suggested that the individual defendants, who are all residents of Alabama, had been fraudulently joined solely to defeat diversity jurisdiction.

[3]See generally Rule 62(a), Fed. R. Civ. P. See also City of Martinsville, Va. v. Express Scripts, Inc., 128 F.4th 265, 268 (4th Cir. 2025) (holding that defendant's appeal under 28 U.S.C. § 1447(d)

> "When a judgment of remand can be appealed as of right, the judgment is automatically stayed for 30 days pursuant to Rule 62(a)[, Fed. R. Civ. P.] During this 30-day period, the Court can entertain motions to reconsider, or the parties can appeal. ... [T]he Court jumped the gun and transmitted the case to the [circuit] court before the 30-day period ran. But the appeal in this case was timely filed within the time provided by the automatic stay. Once the appeal was filed, this Court lost jurisdiction to execute the remand at the end of the automatic stay."

The federal district court's order further stayed "execution of the remand order ... until the appeal is complete." (Emphasis added.)

The Town, however, disagreed and, on April 17, 2025, filed in the circuit court a brief arguing that the circuit court had, regardless of Rule 62(a), Fed. R. Civ. P., been again imbued with jurisdiction once the federal district court's remand order issued. In a responsive filing, 3M countered that the federal district court retains jurisdiction to stay its remand order after issuance when the remand order may be appealed; thus, it contended, the federal district court had properly stayed the remand order and the circuit court lacked jurisdiction to resume proceedings while the stay remained in effect.

---

"requir[ed] that the district court halt all proceedings related to the appeal").

The circuit court subsequently entered, on June 9, 2025, an order concluding that it had regained jurisdiction over the case "immediately" upon the federal district court's remand and that, because the issues on appeal "[were] not dispositive in nature," it was "in the interest of justice and judicial economy for the parties to commence the litigation process while awaiting the decision of the Eleventh Circuit." Thereafter, the Town apparently propounded discovery requests to the defendants, which the defendants apparently objected to answering and the Town apparently refused to voluntarily withdraw.

On June 24, 2025, 3M filed a motion requesting that the federal district court formally vacate its remand order in order to clarify that jurisdiction over the case remained in the federal-court system until its appeal of the remand order was complete. For all that appears, that motion remains pending.

This petition resulted; the Court subsequently ordered answers and briefs. We also granted the defendants' separate motion seeking a stay of all proceedings in the circuit court pending our review.

Standard of Review

> "'Like mandamus, prohibition is an extraordinary writ, "and will not issue unless

7

there is no other adequate remedy." Ex parte K.S.G., 645 So. 2d 297, 299 (Ala. Civ. App. 1992) (citing Ex parte Strickland, 401 So. 2d 33 (Ala. 1981)). "Prohibition is proper for the prevention of a usurpation or abuse of power where a court undertakes to act in a manner in which it does not properly have jurisdiction." Ex parte K.S.G., 645 So. 2d at 299.'

"Ex parte Sealy, L.L.C., 904 So. 2d 1230, 1232-33 (Ala. 2004). In Ex parte Alabama Board of Pardons & Paroles, 849 So. 2d 255, 257-58 (Ala. Crim. App. 2002), the Court of Criminal Appeals provided a helpful summary of the distinction between the two writs:

"'A petition for a writ of mandamus is appropriate when a lower court has failed to act. See Ex parte Jackson, 780 So. 2d 681 (Ala. 2000). A petition for a writ of prohibition is appropriate "'when a court acts in excess of its jurisdiction'; Ex parte City of Tuskegee, 447 So. 2d 713, 716 (Ala. 1984), and because it is 'the proper remedy to intercept and put an end to a usurpation of jurisdiction.'" Ex parte Coffee County Dep't of Human Res., 771 So. 2d 485, 487 (Ala. Civ. App. 2000), quoting, Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940). As the Alabama Supreme Court stated in Ex parte Maye, 799 So. 2d 944 (Ala. 2001):

"'"'"A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in cases of extreme necessity. Ex parte State Dep't of Mental Health & Mental Retardation, 536 So. 2d 78 (Ala. Civ. App. 1988); see also Ex parte

8

Perry County Board of Education, 278
Ala. 646, 180 So. 2d 246 (1965).
Prohibition is not a favored writ and
will not issue unless there is no other
adequate remedy. Ex parte Strickland,
401 So. 2d 33 (Ala. 1981); Barber Pure
Milk Co. of Montgomery, Inc. v.
Alabama State Milk Control Board,
274 Ala. 563, 150 So. 2d 693 (1963); Ex
parte Burch, 236 Ala. 662, 184 So. 694
(1938). The petition for the writ
'properly tests jurisdiction, and lies
when a court acts in excess of its
jurisdiction.' Ex parte City of
Tuskegee, 447 So. 2d 713, 716 (Ala.
1984). The writ is preventive rather
than corrective and is utilized to
prevent the usurpation of excessive
jurisdiction by a judicial tribunal. Ball
v. Jones, 272 Ala. 305, 132 So. 2d 120
(1961); see also Mental Health, supra.
Issuance of a writ of prohibition lies
within the discretion of the court, and
the writ is granted or withheld
according to the nature and
circumstances of the case, not as a
matter of right. Barber, supra; Dear v.
Peek, 261 Ala. 137, 73 So. 2d 358
(1954). 'Prohibition is the proper
remedy to intercept and put an end to
usurpation of jurisdiction.' Ex parte
State ex rel. Bragg, 240 Ala. 80, 85, 197
So. 32, 36 (1940)."'"

"'799 So. 2d at 947, quoting Ex parte Moody, 681
So. 2d 276, 276-77 (Ala. Crim. App. 1996), quoting
in turn Ex parte Shoemaker, 644 So. 2d 958, 959
(Ala. Civ. App. 1993), rev'd on other grounds, 644

> So. 2d 961 (Ala.), on remand, 644 So. 2d 966 (Ala.
> Civ. App. 1994).'"

Ex parte Moore, 416 So. 3d 1058, 1067-68 (Ala. 2024).

### Discussion

The sole question presented by the petition is whether the circuit court may properly exercise jurisdiction over this case when, the defendants say, the order of the federal district court purporting to remand the matter was both automatically stayed for an initial 30-day period and was, thereafter, expressly stayed pending resolution of the defendants' appeal of the remand decision to the Eleventh Circuit.[4] According to the defendants, the premature transmittal of the remand order to the circuit court did not affect the jurisdiction of the federal district court, both because the remand order was appealable and because the federal district court has jurisdiction to review or stay its own remand order in cases of removal pursuant to § 1442. Although generally acknowledging that remand is effected by certification and transmission of a remand order to the state court from which it was removed, 3M, relying on the stay order subsequently entered by the

---

[4]We are not asked to consider, and thus express no opinion on, whether the federal district court's order staying the action was justified.

federal district court, contends that, because the particular remand order at issue here was appealable, " 'the act of transmitting the [remand] order [was] ineffective [to reinvest the circuit court with jurisdiction] at least until the automatic stay expired.' " Petition at 13 (quoting federal district court's stay order).

The Town responds that, once the remand order was entered and transmitted to the circuit court, it was properly vested with jurisdiction to proceed and that, because the circuit court's decision to do so does not represent an abuse of that court's power, no writ should issue. It further contends that "there is no legal mechanism to divest the [c]ircuit [c]ourt of jurisdiction once rightfully resumed." Answer at 3.

As the Town notes, our caselaw is clear that "an order remanding the case to the state court is required before the state court can resume substantive action in the case" and that "[a]ny action taken without a remand order is void for a lack of jurisdiction." Murey v. City of Chickasaw, 385 So. 3d 903, 910 (Ala. 2023). The Town interprets this as establishing that the federal district court's remand order is "dispositive" of the issue presented. Answer at 10. If that order represented the conclusion of the activity before the federal courts, that might be so.

Here, however, after the remand order issued, not only did 3M file a notice of appeal challenging the remand order, but the federal district court also explained that the remand order had been entered in error and explicitly stayed the case pending resolution of the appeal. See Georgia v. Meadows, 692 F. Supp. 3d 1334, 1338 (N.D. Ga. 2023) ("As a general rule '[t]he filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."'" (citations omitted)).

Notably, the authorities cited by the Town in its answer as deeming a remand order determinative do not appear to involve a proper and/or timely filed appeal -- in fact, the orders at issue in those cases were unreviewable on appeal -- and are, accordingly, distinguishable.[5] See Wachovia Mortg. FSB v. Marquez, 520 F. App'x 783, 785 (11th Cir. 2013); Bender v. Mazda Motor Corp., 657 F.3d 1200, 1203 (11th Cir. 2011); In

---

[5]Review of remand orders is limited. See 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." (emphasis added)).

re Loudermilch, 158 F.3d 1143, 1145 n.2 (11th Cir. 1998); In re Myers, Case No. 23-11906, Jan. 7, 2025 (11th Cir. 2025) (not reported in Federal Supplement); Whiddon Farms, Inc. v. Delta & Pine Land Co., 103 F. Supp. 2d 1310, 1311 (S.D. Ala. 2000); and Shoals T.V. & Appliance, Inc. v. Auto Owners Ins. Co., 791 F. Supp. 283, 287 (N.D. Ala. 1992).

Contrary to the above-cited authorities, however, as the United States Supreme Court has recognized, there is a specific exception for suits against federal officers or agencies removed pursuant to § 1442, in which cases "Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court." BP P.L.C. v. Mayor & City Council of Baltimore, 593 U.S. 230, 235-36 (2021). In considering, in Plaquemines Parish v. Chevron USA, Inc., 84 F.4th 362 (5th Cir. 2023), the precise "argument that the federal courts lack jurisdiction to stay a remand order after a certified copy has been mailed to the clerk of the state court," the United States Court of Appeals for the Fifth Circuit ("the Fifth Circuit") concluded that the "contention is mistaken" when a case is removed under § 1442. 84 F.4th at 371, 372. The Fifth Circuit explained:

> "Defendants removed this case to federal court under, inter alia, 28 U.S.C. § 1442 (federal officer jurisdiction).

Where a case is removed under section 1442, an order remanding to state court 'shall be reviewable by appeal or otherwise.' 28 U.S.C. § 1447(d). The parties therefore agree that even after the district court mailed its remand order to the state court, the district court retained 'jurisdiction to review its own [remand] order, and vacate or reinstate that [remand] order.' See In re Shell Oil Co., 631 F.2d 1156, 1158 (5th Cir. 1980).[6]

"Plaintiffs nevertheless contend that the district court lacked jurisdiction to stay the remand order because the plain text of 28 U.S.C. § 1447(c) shows that jurisdiction transfers to the state court upon the mailing of the remand order, and jurisdiction to stay the order does not follow from jurisdiction to vacate it.

"We hold that plaintiffs' contention is mistaken. First, we have stayed already-mailed remand orders at least twice since 2014, and at least once in the face of identical arguments in a case closely related to this one. Although these orders do not explain their reasoning and are not precedential, they presuppose federal court jurisdiction to stay an already-mailed remand order.

"Second, plaintiffs overread 28 U.S.C. § 1447(c), which states, 'A certified copy of the order of remand shall be mailed

---

[6]The petition points out that Shell Oil is "controlling authority" in the Eleventh Circuit. Petition at 23 n.8. See First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1377 n.4 (11th Cir. 1997) ("In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) ... , this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.").

by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.' Plaintiffs quote <u>Arnold v. Garlock, Inc.</u>, for the proposition that the 'district court is divested of jurisdiction' at the time 'the remand order ... is certified and mailed by the clerk of the district court,' 278 F.3d 426, 438 (5th Cir. 2001), and conclude that the district court below was divested of jurisdiction to stay the remand order upon mailing it. But this argument proves too much. It is inconsistent with the undisputed proposition that the district court <u>retains jurisdiction</u> to vacate its already-mailed remand order because the order is appealable under section 1447(d). Moreover, <u>Arnold</u> speaks only to remand orders that are not appealable, so it does [not] speak to the appealable remand order in this case. Instead, where a remand order is appealable under section 1447(d), 'the remand order is treated like any other final judgment.' <u>Thomas v. LTV Corp.</u>, 39 F.3d 611, 616 (5th Cir. 1994). Neither section 1447(c) nor <u>Arnold</u> supports the proposition that a district court lacks jurisdiction to stay an order it retains jurisdiction to vacate.

"We conclude the district court below was correct to reason that, because it had jurisdiction to vacate its remand order, it also had jurisdiction to stay its remand order."

<u>Id.</u> at 371-72 (footnotes omitted). See also <u>First Union Nat'l Bank of Fla. v. Hall</u>, 123 F.3d 1374, 1377 (11th Cir. 1997) ("Section 1447(d) ... applies only to cases remanded, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction or defects in the removal procedure. ... Remand orders issued on other grounds are fully reviewable, and the district court is free to reconsider those remand orders."), and <u>Shapiro v. Logistec USA Inc.</u>, 412 F.3d 307, 312 (2d Cir. 2005) ("[S]ection 1447(d)

15

divests the district court of jurisdiction upon mailing of a remand order based on section 1447(c) grounds to state court. ... But if the remand is not on section 1447(c) grounds, and therefore section 1447(d) does not apply, then the mailing of the remand order to the state court does not strip the federal court of jurisdiction."). Cf. Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 159 (3d Cir. 1998) ("The mailing of a remand order divests the district court of jurisdiction when the remand is authorized by § 1447(c). ... When the remand is authorized by § 1367(c), the bar to review is inapplicable and the district court may reconsider its remand order just as it would any other order."). But see Attorney Gen. v. Dow Chem. Co., Civil Action No. 23-2449, July 9, 2024 (D.N.J. 2024) (not reported in Federal Supplement) (noting, in a case in which a defendant requested an automatic stay and appealed the remand order to the appropriate Circuit Court of Appeals, that, "presuming the transmittal letter was mailed before Defendant's stay request was received, the Court no longer retains jurisdiction over this matter").

In light of the foregoing authority and the circumstances of the present case, it is apparent that the federal district court retained jurisdiction to reconsider its remand order despite transmission of that

16

order to the circuit court. See <u>Plaquemines</u> and <u>Hall</u>, supra. This is true despite 3M having filed a notice of appeal seeking appellate review of the remand order. <u>Tennessee ex rel. Slatery v. Tennessee Valley Auth.</u>, No. 3:17-cv-01139, June 22, 2018 (M.D. Tenn. 2018) (not reported in Federal Supplement) ("Pursuant to Federal Rule of Appellate Procedure 8, '[a] party must ordinarily move first in the district court for ... a stay of the judgment or order of a district court pending appeal.' ... This Court retains authority to consider whether or not to issue a stay of its remand Order despite the filing of the Notice of Appeal."); Rule 8(a)(1)(A), Fed. R. App. P. Cf. <u>Natural Res. Def. Council, Inc. v. Southwest Marine Inc.</u>, 242 F.3d 1163, 1166 (9th Cir. 2001) ("The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo.").

### Conclusion

Here, the defendants contend that, despite issuance of a remand order, the federal district court retained jurisdiction over its order remanding the case, which was removed under the federal-officer removal statute -- § 1442. As explained above, in such cases, pursuant to 28 U.S.C. § 1447(d), the remand order is treated like any other final judgment, see <u>Plaquemines</u>, supra, and the defendants are correct that

17

the federal district court accordingly retained jurisdiction to either stay or vacate its remand order following issuance. Although the federal district court did not formally vacate the remand order, its subsequent order issuing a stay pending resolution of the appeal essentially did so by implication. Therefore, the defendants have shown that the circuit court has undertaken to act in a manner in which it does not properly have jurisdiction, i.e., by prematurely requiring the defendants to resume litigation before the circuit court while the issue of removal remains pending on appeal. Ex parte Moore, supra. Accordingly, they have also shown a clear legal right to the requested relief. We therefore issue a writ of prohibition requiring the circuit court to vacate its June 9, 2025, order concluding that it possessed jurisdiction over this action and requiring it to stay further proceedings pending resolution of the related appeal.

PETITION GRANTED; WRIT ISSUED.

Stewart, C.J., and Wise, Bryan, Sellers, Mendheim, McCool, and Parker, JJ., concur.

Cook, J., recuses himself.